MAGNESS CONSTRUCTION COMPANY,
Appellant, Appellant Below,

v.

Clifton WALLER, Appellee,
Appellee Below.

JOHN H. HAMPSHIRE COMPANY, Inc.,
Appellant, Appellant Below,

v.

Charles BARKER, Appellee,
Appellee Below.

Supreme Court of Delaware.

Sept. 17, 1970.

Richard I. G. Jones, of Prickett, Ward, Burt & Sanders, Wilmington, for appellants.

John Biggs, III, of Biggs & Battaglia, Wilmington, for appellee Clifton Waller.

Courtney H. Cummings, Jr., of Killoran & Van Brunt, Wilmington, for appellee Charles Barker.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

These two appeals raise a single problem: Is a claimant who is entitled to compensation for total disability under T. 19 Del.C. § 2324, also entitled to receive compensation for a permanent injury under § 2326 at the same time? This question was answered in the affirmative by the Industrial Accident Board, whose decision was affirmed in Superior Court. 260 A. 2d 710. The two employers ask us to reverse that holding.

Both appellees, Clifton Waller and Charles Barker, received back injuries while working for their respective employers, Magness Construction Company and John H. Hampshire Company, Inc. The injuries have resulted in total and permanent disability, according to findings of the Industrial Accident Board. The appellants agree that the appellees are entitled to benefits under § 2324, which reads in part as follows:

"§ 2324. Compensation for total disability. For injuries resulting in total disability, the compensation to be paid during the continuance of total disability shall be 66⅔ percent of the wages of the injured employee * * * but the compensation shall not be more than $50 per week nor less than $25 per week * * * Nothing in this section shall require the payment of compensation after disability ceases."

The appellants also agree that § 2326, which provides benefits for certain per-

manent injuries, is also applicable to these appellees (see Alloy Surfaces Company v. Cicamore, Del.Supr., 221 A.2d 480 (1966)), but contend that benefits under both sections are not payable at the same time; in other words, that the benefits of § 2326 do not commence until termination of those payable under § 2324.

The benefits under § 2324 are payable so long as the employee remains totally disabled; the section contains no time limit, although payments would, of course, cease upon the death of the employee. The argument advanced by appellants would therefore mean that an employee who is permanently and totally disabled would never himself receive any benefits under § 2326. After his death, those benefits would be payable under § 2332 to the near relatives described in § 2330. Those beneficiaries are the widow or widower, and any children under the age of 18 years; if there is no widow, widower, or children, then to the father and mother, if dependent upon the employee for support; otherwise to the brothers and sisters under 18 years of age, if dependent upon the employee for support. Unless the deceased employee should be survived by relatives coming within these categories, he would lose all benefits under § 2326. We think this result could not have been intended by the lawmaking authorities; the benefits of this Act are intended to benefit the employee primarily. To construe the Act as suggested by the appellants would, in effect, amount to the creation of an exception which the Legislature has not provided, and which, we believe, would have been expressly stated if it had been intended.

Appellants point to parts of § 2326 as indicating a legislative intent that an employee can never receive more than $50 per week, regardless of the nature of his injury, whereas simultaneous payments under the two sections here involved could amount to $100 per week. The first section referred to is a paragraph now found in § 2326(a). That subsection sets forth a schedule of benefits for losses of specific members of the body. We quote a part of it:

> "For loss of a hand, 66⅔ percent of wages during 220 weeks;

> "For loss of an arm, 66⅔ percent of wages during 250 weeks;

> "For the loss of a foot, 66⅔ percent of wages during 160 weeks;

> "For the loss of a leg, 66⅔ percent of wages during 250 weeks;

> "For the loss of two or more of such members, not constituting total disability, 66⅔ percent of wages during the aggregate of the period specified for each."

Appellants suggest that the words "not constituting total disability" in the last quoted item refer to subsection (e) of § 2326, which reads as follows:

> "(e) Unless the Board otherwise determines from the facts, the loss of both hands, or both arms, or both feet, or both legs, or both eyes, or an injury to the spine resulting in permanent and complete paralysis of both legs, or both arms, or one leg and one arm, or an injury to the skull resulting in incurable imbecility or insanity, shall constitute total disability for work, to be compensated according to the provisions of section 2324 of this title."

Appellants contend that the explanation of these two parts is that an employee who suffers one of the losses therein mentioned is referred back to § 2324 for the compensation payable to him, and receives nothing under § 2326, unless the Board finds that he is not totally incapacitated. Appellants then suggest that the only reasonable interpretation or explanation is that § 2324 is to be looked upon as being the "most secure position" for the workman and that, when he is given benefits under § 2324, he has been placed in this "most secure position," from which he cannot be dislodged unless and until he should later prove able to return to work, in

which event he would become entitled to receive payments under § 2326. We point out that, even under this theory, if the Board finds a partial incapacity, the employee would receive benefits under § 2325 in addition to those under § 2326.

In the present case, we are not primarily concerned with the true meaning of subsection (e) and the quoted language of subsection (a) because the appellees did not sustain the type of injuries described therein. It seems likely that the language of subsection (e) simply lays down a presumption, for the guidance of the Industrial Accident Board, under which the man who loses two members is deemed to be totally incapacitated; but this presumption may be rebutted. The quoted language from subsection (a) may well be intended to eliminate any question as to the amount of compensation payable under § 2326 for the loss of two members, even though the employee is not totally disabled. Whatever may be the correct answer, we find nothing therein or in any other part of the Act to prohibit concurrent payments in cases such as the ones before us at this time. Indeed, the provisions of § 2326(i), that, subject to § 2326(e), compensation under § 2326 "shall be paid in addition to the compensation provided for in Sections 2324 and 2325," indicate a contrary policy, in our view. Compare DiSabatino v. Apostolico, Del.Super., 260 A.2d 710 (1969).

We think the situation brought to light by these appeals should be called to the attention of the Legislature. There is probably no statute on our law books that has brought about more litigation than the Workmen's Compensation Act; yet, despite the importance of this law to a large percentage of our population, we continue to be troubled with understanding precisely what is intended by certain provisions therein. These cases are an example. We think it is our duty to suggest a careful review of the Act, with the object of eliminating discrepancies in its provisions and of enabling interested persons to know

exactly what the lawmakers have intended. Such a step would benefit employees by eliminating delays in receiving their benefits, and would benefit employers by eliminating the need for Court proceedings with their attendant expense.

The decisions below will be affirmed.