Martin BUECHLER, Appellant,

v.

NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU, Appellee.

Civ. No. 9009.

Supreme Court of North Dakota.

Oct. 31, 1974.

James D. Schlosser, Bismarck, for appellant.

David L. Evans, Sp. Asst. Atty. Gen., Workmen's Compensation Bureau, and Leonell W. Fraase, Sp. Asst. Atty. Gen., Bismarck, for appellee.

PAULSON, Judge.

This is an appeal from a judgment of the Burleigh County District Court, which judgment affirmed the final order of the North Dakota Workmen's Compensation Bureau denying compensation to the appellant, Martin Buechler, on the basis of a permanent partial disability award, pursuant to § 65–05–12 of the North Dakota Century Code.

Mr. Buechler sustained a severe back injury on November 4, 1968, when he fell into a basement excavation. At the time of the injury, he was employed by Dakota Sand and Gravel Company as a manual laborer. Mr. Buechler filed a claim with the North Dakota Workmen's Compensation Bureau [hereinafter the Bureau] on December 9, 1968.

As a result of the injury, Mr. Buechler has had several back operations and was adjudged by the Bureau to be permanently and totally disabled. A permanent total disability award was made to Mr. Buechler by the Bureau, effective April 17, 1973. All medical benefits directly related to Mr. Buechler's injury of November 4, 1968, have been paid by the Bureau and he has received compensation benefits as of November 4, 1968.

Subsequent to the permanent total disability award, it was determined, based upon a medical report submitted on May 4, 1973, by Dr. Ralph L. Kilzer, that Mr. Buechler has a 22 percent disability of the whole man. Based upon this determination, Mr. Buechler then filed a claim with the Bureau for a permanent partial disability award, under the provisions of § 65–05–12, N.D.C.C. The Bureau denied his claim in a final order dated June 1, 1973. Mr. Buechler then appealed from the June 1, 1973, order to the Burleigh County District Court, which court, on December 21, 1973,

affirmed the final order of the Bureau. It is from this judgment that the appeal is taken.

The sole question before this court is whether or not a claimant receiving benefits for permanent total disability is entitled to benefits for permanent partial disability, pursuant to § 65–05–12, N.D.C.C.

Mr. Buechler contends that he should receive compensation in the form of a permanent partial disability award in addition to the award for permanent total disability, in view of the statutory provisions of Chapter 65–05, N.D.C.C. The Bureau has made a permanent total disability award to Mr. Buechler pursuant to § 65–05–09, N.D.C.C. [§ 3, Ch. 558, 1969 S.L.], which section provides:

"*Temporary or Permanent Disability— Weekly and Aggregate Compensation.* —If an injury causes temporary, or permanent total disability, the fund shall pay to the disabled employee during such disability a weekly compensation equal to fifty-five percent of the average weekly wage in this state, computed to the next highest dollar, as shall be determined on July 1 of each year by the unemployment compensation division of the North Dakota employment security bureau. In case of temporary or permanent total disability, there shall be paid to such disabled employee an additional sum of five dollars per week for each dependent child under the age of eighteen years living or unborn at the date of the injury, or born during the period of disability; and for each child over eighteen years and incapable of self-support due to physical or mental disability and whose maintenance is the responsibility of the claimant. Dependency awards for the children may be made direct to either parent at the discretion of the bureau. In no case shall the combined compensation and dependency award exceed the net wage, after deductions for taxes, earned by the claimant at the time of the injury, except in the case of volunteer firemen and volunteer civil defense trainees. When a claimant who is permanently and totally disabled and must be maintained in a nursing home or similar facility has no dependent parent, spouse, or children, part or all of his weekly compensation may be used by the bureau to help defray the cost of such care."

Mr. Buechler further contends that the Bureau erred in denying his application for compensation benefits for a permanent partial disability pursuant to § 65–05–12, N.D.C.C. [§ 1, Ch. 562, 1969 S.L.], which provides, in pertinent part:

"*Permanent Partial Disability—Weekly Compensation—Time Paid.*—If the injury causes permanent partial disability, other than scheduled injuries, as elsewhere provided in this chapter, the percentage which such disability bears to total disability shall be determined, and the fund shall pay to the disabled employee a weekly compensation in the sum of thirty-one dollars and fifty cents per week for the following periods: . . . "

Mr. Buechler bases his claim on the premise that §§ 65–05–09 and 65–05–12, N.D.C.C., as set forth above, allow recovery for two entirely distinct and different disabilities, since there is nothing in either statute to prohibit the concurrent payment of both permanent total disability and permanent partial disability compensation.

The Bureau, in rebuttal to Mr. Buechler's contentions, argues that a permanent total disability award is inclusive of all disabilities, scheduled or otherwise, for which an individual might receive compensation under Chapter 65–05, N.D.C.C. The Bureau further argues that § 65–05–09, N.D.C.C., speaks for itself; that there can be no greater award than a permanent total disability award.

The problem which confronts this court does not involve a factual dispute—there is no controversy as to the nature or severity of the injuries suffered by Mr. Buechler. Rather, the problem is one of statutory interpretation.

■ In Boettner v. Twin City Construction Company, 214 N.W.2d 635 (N.D.1974), in paragraph 4 of the syllabus, this court enunciated the general rule on statutory construction of the Workmen's Compensation Act:

"The Workmen's Compensation Act is to be construed liberally in favor of an injured workman so as to promote the well being of the workman."

The Workmen's Compensation Act is to be construed liberally so that its beneficent purposes may not be thwarted by technical refinements of interpretation. State v. Broadway Investment Company, 85 N.W.2d 251 (N.D.1957).

■ A perusal of § 65–05–09 and § 65–05–12, N.D.C.C., does not reveal the statutory conflict alleged by the Bureau. There is nothing in the language of either statute that precludes recovery under the other. The only limitation contained in either statute is that which precludes a double recovery for an injury, pursuant to § 65–05–12, and for other scheduled injuries provided for in §§ 65–05–13 and 65–05–14, N.D.C.C. The 1969 Legislature amended § 65–05–12 by inserting the following phrase "other than scheduled injuries, as elsewhere provided in this chapter,". The Legislature also added, in 1969, the following provision to both §§ 65–05–13 and 65–05–14:

"Recovery under this section shall bar an additional award of permanent partial disability for the same injury, as elsewhere provided in this chapter."

The obvious intent of these amendments to the statutes was to preclude a double recovery, both for a permanent partial disability and for other scheduled injuries. In Magreta v. Ambassador Steel Company, 378 Mich. 689, 148 N.W.2d 767, 773 (1967), the Supreme Court of Michigan stated:

"We should not attribute to the Legislature that ineptitude which would be implicit in our ruling that it intended thus clumsily to incorporate some limitation by reference while simultaneously stating other limitations expressly."

If the Legislature had intended to preclude such recovery under § 65–05–09, N.D.C.C., the Legislature should have or would have said so in express terms.

■ The two claims submitted by Mr. Buechler are separate and distinct. In London v. Fairbanks Municipal Utilities, Emp. Group, 473 P.2d 639, 642 (Alaska 1970), the Supreme Court of Alaska stated:

"It is a rudimentary principle of workmen's compensation law that there are four separate and distinct categories of compensable disability: (1) temporary total, (2) temporary partial, (3) permanent partial, and (4) permanent total. Compensation for each category of disability reflects a unique set of policy considerations."

The initial permanent total disability award made to Mr. Buechler was to compensate him for loss of earning capacity. In reaching a determination of permanent total disability, consideration must be given to the type of work being done at the time of the accident, the nature and extent of the injury, and the age, experience, training, and capabilities of the employee. Lyson v. North Dakota Workmen's Compensation Bureau, 129 N.W.2d 351 (N.D.1964). These factors specifically embrace the earning ability of a claimant.

■■ Mr. Buechler's claim for a permanent partial disability award, pursuant to § 65–05–12, N.D.C.C., asserts a right to compensation for actual detriment to his whole body. In contrast to other disabilities, permanent partial schedule awards "are based on medical condition after maximum improvement has been reached, and ignore wage loss entirely". 2 A. Larson, The Law of Workmen's Compensation, Ch. X, § 57.10, p. 10–7 (1974). These schedule losses may take three forms: loss of a particular member, loss of use of a member, and unclassified or more general impairments treated as schedule losses. 2 A. Larson, *supra* § 58.12, p. 10–169. These types of schedule losses are similar to those set forth in §§ 65–05–13, 65–05–14, and 65–05–

12, N.D.C.C., respectively. In Ambroson v. North Dakota Workmen's Compensation Bureau, 210 N.W.2d 85 (N.D.1973), this court stated that it was the specific intent of the Legislature to disregard such factors as the nature of the claimant's employment, earning capacity, age, or training when making awards for scheduled losses, pursuant to § 65–05–13, N.D.C.C. While we realize that the main thrust of *Ambroson, supra,* is to equate loss of use of a member to actual loss of a member, we believe that the factors not to be considered in making an award for a scheduled loss under § 65–05–13, N.D.C.C., are also to be excluded from consideration in making awards for scheduled losses under §§ 65-05–12 and 65–05–14, N.D.C.C. Specific scheduled loss benefits are not dependent upon actual disability, but really amount to arbitrarily determined amounts paid for the loss of a specific portion of the body. Grant v. Weinberger, 482 F.2d 1290 (6th Cir. 1973). In § 65–05–12, N.D.C.C., the Legislature has arbitrarily fixed the amount of compensation to be paid, and the award specified for permanent partial disability is not subject to any conditions or qualifications concerning loss of earning power.

We reject the argument of the Bureau that a claimant may not make a recovery for both a permanent total disability and a permanent partial disability. The statutes in question provide for compensation for loss of wages and loss of earning capacity (§ 65–05–09, N.D.C.C.); and also for additional compensation for detriment to a person's whole body (§ 65–05–12, N.D.C.C.). This, coupled with the fact that different rates of compensation apply to permanent total disability, as distinguished from permanent partial disability, confirms our view that two distinct elements of compensation are involved. We find nothing in either § 65–05–09 or § 65–05–12, N.D.C.C., or in any part of the North Dakota Workmen's Compensation Act, which precludes concurrent disability payments in a case such as the one at bar. Magness Construction Company v. Waller, 269 A.2d 554 (Del. Supr.1970).

The North Dakota Supreme Court liberally construes the Workmen's Compensation Act in the best interest of the injured party. In Heiliger v. City of Sheldon, 236 Iowa 146, 18 N.W.2d 182 (1945), the Iowa Supreme Court said that "Exclusions will not be read into Workmen's Compensation statutes where they do not expressly appear". We adopt the Iowa Court's rationale concerning exclusions that was propounded in the *Heiliger* case. Where the provisions of a statute are clear and would allow compensation, it is improper for the Workmen's Compensation Bureau to inject its own views on the policies underlying the Workmen's Compensation Act by imposing additional restrictions on the statutory language contained therein. In the instant case, the court will not read into a statute an exclusion where one does not expressly exist. Any change in legislation is not within the province of the court, but is subject to the action of the legislative assembly.

We therefore remand this action to the District Court of Burleigh County with instructions to return the case to the Bureau for the purpose of computing the sum to be awarded to the claimant consistent with this opinion.

The judgment of the district court is reversed and the action is remanded.

KNUDSON, VOGEL and JOHNSON, JJ., concur.

ERICKSTAD, Chief Justice.

I respectfully dissent. Notwithstanding that I agree with the philosophy expressed in Syllabus ¶1 of the majority opinion to the effect that the Workmen's Compensation statutes should be liberally construed to promote the ends intended to be secured by their enactment, I cannot agree that that philosophy permits a claimant to recover benefits for a permanent partial disability while he is receiving benefits for a permanent total disability.

The majority opinion seems to be based upon the fact that the Legislature did not provide specifically for the exclusion of permanent partial disability benefits while the claimant was receiving permanent total disability benefits.

I believe that when one uses such clearly understood terms as total and partial, it becomes unnecessary to provide more specific exclusory language and that when one is permanently totally disabled and is receiving the maximum award under the statute, he should receive no additional award upon proof that he is permanently partially disabled.

It is one thing to permit a claimant to recover benefits for a temporary total disability while the claimant recovers from his or her injury and, thereafter, upon a partial recovery to permit the claimant to recover benefits for a permanent partial disability while not receiving temporary total disability benefits; and it is a completely different thing to permit a claimant to recover permanent partial disability benefits *while* receiving permanent total disability benefits.

The latter situation is what we have present in the instant case.

The majority cites 2 Larson, Law of Workmen's Compensation, Ch. X, § 57.10, p. 10–7 (1974) in its support.

I have studied that reference and can see no relevancy between that reference and the majority's holding, permitting the payments of benefits for permanent partial disability and permanent total disability simultaneously.

I likewise find very little connection between Ambroson v. North Dakota Workmen's Compensation Bureau, 210 N.W.2d 85 (N.D.1973), and the majority opinion and reasoning in this case.

The majority opinion cites Heiliger v. City of Sheldon, 236 Iowa 146, 18 N.W.2d 182 (1945), for the proposition that "Exclusions will not be read into Workmen's Compensation statutes where they do not expressly appear."

In *Heiliger* the Supreme Court of Iowa held that a volunteer fireman was an "official" of the city and was therefore excluded from Workmen's Compensation coverage by the Workmen's Compensation law and, accordingly, that the casualty company which had provided an accident policy for the City was liable for the volunteer fireman's claims arising from his injury in conjunction with his duty as a fireman. In other words, the Supreme Court of Iowa actually found the fireman to be excluded by construing the term "official" to include a volunteer fireman.

My analysis of *Heiliger* is that from a practical standpoint, the Supreme Court of Iowa found an exclusion where none existed by construing the word "official" to include volunteer firemen. I accordingly believe it to be of little support for the majority opinion.

The majority opinion will work an injustice rather than justice since it will permit a person who has only a permanent partial disability, but who otherwise is unable to be employed, to receive benefits both as a permanently totally disabled person and as a permanently partially disabled person; whereas a person who is not only receiving benefits as a permanently totally disabled person, but who has a permanent total disability of the entire body (100%), as opposed to a disability of only a part of the body, will be permitted to receive benefits as a permanently and totally disabled person only and not additional benefits for being only partially permanently disabled.

It is significant that Section 65–05–12, N.D.C.C., covers partial disability extending from one percent to ninety percent. It does not provide benefits for 100 percent disability. That feature alone would seem to indicate that when 100 percent disability is reached, the benefits are under Section 65–05–09, N.D.C.C., which provides benefits for total disability.

The Bureau states that it has no argument with the principle that the Workmen's Compensation statutes must be interpreted

liberally in the appellant's favor. It asserts, however, that in the instant case the appellant has two side-by-side remedies. It says that the situation involves the " * * canon of statutory construction that, where two remedies are created side by side in a statute, the claimant should have the benefit of the more favorable * * * ", 2 Larson, Law of Workmen's Compensation, Ch. X, § 58.20, p. 10–224 (1974).

I agree that this is the more reasonable approach to a solution of the issue.