Francis X. MOESH, IV, Appellant,

v.

**ANCHORAGE SAND & GRAVEL, and Alaska National Insurance Co.,**
Appellees.

No. S–6113.

Supreme Court of Alaska.

July 8, 1994.

Ernest Z. Rehbock, Rehbock & Rehbock, Anchorage, for appellant.

Theresa Hennemann and Deborah Brooks Durden, Faulkner, Banfield, Doogan & Holmes, Anchorage, for appellees.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

*OPINION*

PER CURIAM.

The superior court's reversal of the Workers' Compensation Board decision is AF-FIRMED. Our affirmance is based upon the superior court's order of September 21, 1993, which is attached.

ATTACHMENT

IN THE SUPERIOR COURT FOR
THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT

Anchorage Sand & Gravel and
Alaska National Insurance
Company, Appellants,

v.

Francis Moesh and Workers' Compensation
Board, Appellees.

Case No. 3AN–92–3602 Civil.

*ORDER*

I. *INTRODUCTION*

Appellee Francis Moesh sustained a work-related back injury in March 1991 while working as a laborer for Anchorage Sand & Gravel. The employer provided medical benefits and temporary total disability benefits. Mr. Moesh requested and was granted reemployment benefits. Alaska Sand & Gravel and its insurer, Alaska National Insurance Co., (hereafter referred to collectively as "AS & G") objected to one of the factors (remunerative employability) considered by rehabilitation specialist Virginia Collins. Despite AS & G's objection, the Rehabilitation Benefits Administrator Designee (hereafter "RBA Designee") adopted Ms. Collins' recommendation. AS & G asked the Alaska Workers' Compensation Board (hereafter "Board") to review the RBA Designee's decision. AS & G argued that the RBA Designee abused her discretion by misapplying AS 23.30.041(e). The Board determined that the RBA Designee did not abuse her discretion in finding Mr. Moesh eligible for reemployment benefits, despite a strong dissent from Chairman Lisankie. In addition, the Board awarded enhanced attorney fees to counsel for Mr. Moesh. AS & G filed this appeal on April 27,

1992. The Board's order requiring rehabilitation and reemployment benefits has been stayed pending appeal.[1]

## II. QUESTION ON APPEAL

Did the Alaska Workers' Compensation Board err in concluding that Mr. Moesh is eligible for reemployment benefits? Specifically, may the Board consider "remunerative employability" in determining whether an injured worker is eligible for reemployment benefits under AS 23.30.041(e)?

## III. STANDARD OF REVIEW

The issue on appeal is strictly a matter of statutory construction. This court must interpret AS 23.30.041(e) to determine if the Board was permitted to consider "remunerative employability" as a factor in determining reemployment benefit eligibility. Since statutory construction is a matter within the court's special competency, this court can substitute its judgment and is not bound by the Board's interpretation of the statute.

## IV. IS "REMUNERATIVE EMPLOYABILITY" A FACTOR WHICH MAY BE CONSIDERED IN DETERMINING ELIGIBILITY UNDER AS 23.-30.041(e)?

In the ten years prior to his injury Moesh held several jobs, including a rate clerk and sales representative position. Ms. Collins determined that Moesh was able to work as a rate clerk or sales representative after his injury. Because of changes in the Alaska economy and labor market, any rate clerk or sales representative position Moesh could obtain would pay less than 60% of his wage at the time of his injury and would thus not be considered as "remunerative" under the statute. Ms. Collins concluded, therefore, that Mr. Moesh was eligible for reemployment benefits, despite the fact that he was physically capable of working as a rate clerk or sales representative.

AS 23.30.041(e) provides in part:

An employee shall be eligible for benefits under this section upon the employee's written request and by having a physician predict that the employee will have permanent physical capacities that are less than the physical demands of the employee's job as described in the United States Department of Labor's "Selected Characteristics of Occupations Defined in the Dictionary of Occupational Titles" for

(1) the employee's job at the time of injury; or

(2) other jobs that exist in the labor market that the employee has held within 10 years before the injury....

According to AS 23.30.041(p)(7):

"remunerative employability" means having the skills that allow a worker to be compensated with wages or other earnings equivalent to at least 60 percent of the worker's gross hourly wage at the time of injury....

Appellant AS & G argues that AS 23.30.-041(e) is unambiguous on its face and must be applied as written. AS 23.30.041(e) provides three conditions that must be met to become eligible for reemployment benefits. First, the employee must timely request reemployment benefits. Second, a physician must predict that the employee will not be physically capable of performing the work he performed at the time of injury. Third, a physician must predict that the employee will not be physically capable of performing any of the work he performed or was trained to perform within ten years prior to injury,

1. On August 11, 1992, the Alaska Supreme Court reversed an order by Judge Shortell denying a stay of the Board's order requiring rehabilitation and reemployment benefits. The Supreme Court found that a stay was appropriate, stating:

4. This order is made because petitioners have made a showing of probable success on the merits of the question whether there is an implied requirement that the "other jobs," which are the subject of AS 23.30.041(e)(2), must pay a certain percent of the injured work-

er's gross hourly wages at the time of injury. Petitioners' argument that there is no such implied requirement is supported by the literal language of the statute. The statute does not appear to be absurd or meaningless if it is construed in accordance with its literal language. See State v. Alex, 646 P.2d 203, 208 n. 4 (Alaska 1982) (under sliding scale approach to statutory interpretation, the plainer the language of the statute the more convincing the evidence of contrary legislative intent must be).

provided such work exists in the present labor market. Since remunerative employability is not expressly listed in AS 23.30.-041(e), AS & G contends that it may not be considered in determining eligibility for reemployment benefits. AS & G notes that AS 23.30.041 does impose a remunerative employability requirement elsewhere. The statute, however, imposes that requirement only *after* a person has been deemed eligible for reemployment benefits.

AS & G concedes that applying the statute as written may cause harsh results.[2] Despite the harsh results, this court must reverse the Board's decision. In order for remunerative employability to be considered a factor in determining reemployment benefits eligibility, the Alaska legislature must amend the statute to expressly include remunerative employability under AS 23.30.041(e). This court would be exceeding its authority if it were to interpret AS 23.30.041(e) to permit the consideration of remunerative employability.[3]

The decision of the Alaska Workers' Compensation Board is REVERSED.

DATED at Anchorage, Alaska this 21st day of September, 1993.

/s/ Dana Fabe
DANA FABE
Superior Court Judge

---

2. The following hypothetical illustrates this point: A 26–year–old employee who earned $4.00 an hour frying hamburgers as a teenager currently earns $26.00 an hour as a journeyman plumber. While on the job, the employee is injured. The employee will be ineligible for reemployment benefits if he or she is physically capable of frying hamburgers because that is a job held within ten years of the injury. The employee will suffer a drastic decrease in the standard of living if forced to return to flipping hamburgers. Thus, if applied as written, the statute works a particular hardship upon young injured employees. Such employees may be forced to take drastic pay decreases, since they will be ineligible for job training which helps to place them in jobs comparable in compensation to the ones they held when injured. This harsh result seems inconsistent with the broad goals of Alaska's Workers' Compensation statute which favors returning injured employees to the work force as soon as possible and to positions that are at least comparable to the jobs they had when injured. The statute appears to favor older workers who have held the same type of job over younger workers who have just begun their careers, despite the fact that younger workers may benefit more from job training since they will have more years in the labor force.

3. The second issue presented in the briefs, whether the Board erred in awarding enhanced attorney fees to Moesh, need not be reached because the Board's decision affirming Moesh's eligibility has been reversed.