**Paul TIPTON, Appellant,**

v.

**ARCO ALASKA, INC. and CIGNA, Workers' Compensation Insurance Carrier, Appellees.**

**No. S–6813.**

Supreme Court of Alaska.

Sept. 6, 1996.

---

Douglas C. Perkins, Hartig, Rhodes, Norman, Mahoney & Edwards, Anchorage, for Appellant.

Timothy. A. McKeever and Suzanne H. Lombardi, Faulkner, Banfield, Doogan & Holmes, Anchorage, for Appellees.

Before COMPTON, C.J., and RABINOWITZ, MATTHEWS and EASTAUGH, JJ., and SHORTELL, J. Pro Tem.*

COMPTON, Chief Justice.

## I. INTRODUCTION

Paul Tipton appeals the superior court's affirmance of the decision of the Alaska Workers' Compensation Board (Board) dismissing his workers' compensation claim. The Board held that AS 23.30.110(c) barred Tipton's claim because he failed to request a hearing within two years after an earlier hearing had been cancelled. We reverse.

## II. FACTS AND PROCEEDINGS

On April 23, 1984, Paul Tipton was severely injured while in the course of his employment with ARCO Alaska, Inc. As a result of his injury, Tipton received temporary total disability (TTD) benefits, temporary partial disability (TPD) benefits, and permanent partial disability (PPD) benefits. In the spring of 1985, ARCO offered a number of employees incentives to resign. Tipton took advantage of this "special termination plan" and resigned, effective September 28, 1985.

On May 6, 1987, Tipton filed with the Board an Application for Adjustment of Claim, claiming entitlement to additional TTD and PPD benefits. Along with the application, Tipton filed a Statement of Readiness to Proceed (SRP) in which he requested a hearing on the matter. On July 16, ARCO filed a Notice of Controversion. The hearing, scheduled for October 1, 1987, was continued by stipulation of the parties.

On March 23, 1988, Tipton filed a second SRP. A hearing was scheduled for Septem-

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

ber 1, 1988. The Board cancelled the SRP on September 2, 1988, apparently because the parties had reached a tentative settlement. ARCO drafted the proposed settlement agreement and mailed it to Tipton on September 20, 1988. Tipton refused to sign the agreement because he felt it required him to release all claims against ARCO.

In November 1988, Tipton filed in superior court a wrongful discharge suit against ARCO, alleging ARCO terminated him because of his work-related injuries. In August 1989, the superior court stayed all proceedings pending final determination by the Board of Tipton's workers' compensation claim. In January 1991, Tipton moved to set aside the stay, arguing that ARCO had failed to pursue the matter before the Board. The court denied the motion.

In September 1991, ARCO filed a petition to dismiss Tipton's workers' compensation claim. The Board granted the petition, concluding that Tipton's claim was barred by AS 23.30.110(c), because he had not requested a hearing within two years after the cancellation of the September 1, 1988 hearing. On appeal to the superior court, *see* Alaska Appellate Rule 602, the court affirmed the Board's decision. Tipton appeals.

## III. DISCUSSION

■ At issue is the interpretation[1] and application of former AS 23.30.110(c)[2], which provided in part,

If a claim is controverted by the employer and the employee does not request a hearing for a period of two years following the date of controversion, the claim is denied.

Section 110(c) requires an employee to request a hearing within two years after the employer controverts the employee's claim. ARCO controverted Tipton's claim on July 16, 1987. Tipton requested a hearing on March 23, 1988, within two years of the date of controversion. Tipton's hearing request was cancelled because the parties were close to settling; however, the proposed settlement was never ratified by Tipton, and therefore his claim and hearing request were still before the Board. In this situation, there is nothing explicit or implicit in the language of section 110(c) which would require Tipton to request another hearing to avoid dismissal.

■ ARCO argues that in order to avoid the time-bar of section 110(c), an employee must request a hearing every time a hearing is cancelled.[3] We do not read the provision so broadly. The defense of statute of limitations[4] is "generally disfavored," *Lee Houston*

1. The "independent judgment" standard of review applies to matters of statutory construction. *State, Dep't of Nat. Resources v. City of Haines*, 627 P.2d 1047, 1049 (Alaska 1981).

2. AS 23.30.110(c) was amended in 1988. *See* § 48, ch. 79, SLA 1988. The version of AS 23.30.110(c) in effect prior to the 1988 amendments applies in this case. *See Id.* (providing that the 1988 amendments to section 110(c) apply only to injuries sustained on or after July 1, 1988).

3. ARCO relies on *Jonathan v. Doyon Drilling, Inc.*, 890 P.2d 1121 (Alaska 1995), to support its position. In *Doyon Drilling*, the employer filed a notice of controversion before the employee filed a claim with the Board. *Id.* at 1121–22. After the employee filed a claim, the employer controverted the claim a second time. *Id.* at 1122. The employee requested a hearing within two years of the employer's second controversion, but not within two years of the employer's initial controversion. *Id.* The question presented in *Doyon Drilling* was whether the limitations period in section 110(c) was triggered by a notice of controversion filed prior to the filing of an employee's written claim. *Id.* at 1122–25. We held

that the "the limitations period of section 110(c) is only triggered after the employee files a claim." *Id.* at 1124. *Doyon Drilling* does not address the issue of whether section 110(c) requires an employee to request a new hearing every time a hearing is cancelled.

4. In *Doyon Drilling*, we held that the word "claim" in section 110(c) refers only to the employee's written application for benefits, not the employee's right to compensation. *Doyon Drilling*, 890 P.2d at 1123–24. Therefore, while the expiration of the two-year period in section 110(c) results in dismissal of the particular claim, it does·not prevent the employee from applying for different benefits, or raising other claims, based upon a given injury. In this sense the provision differs from a statute of limitations, which terminates all rights emerging from a cause of action. Nevertheless, as to the particular claim dismissed under its strictures, section 110(c) resembles a statute of limitations. *See Id.* at 1122 (referring to section 110(c) as a statute of limitations); *Suh v. Pingo Corp.*, 736 P.2d 342, 346 (Alaska 1987) (same).

& Assocs. v. Racine, 806 P.2d 848, 854 (Alaska 1991), and neither "'the law [n]or the facts should be strained in aid of it.'" *Safeco Ins. Co. v. Honeywell,* 639 P.2d 996, 1001 (Alaska 1981) (quoting *Guy F. Atkinson Co. v. State,* 66 Wash.2d 570, 403 P.2d 880, 882 (1965)). ARCO's interpretation does more than strain the language of section 110(c): it adds a proviso that simply is not there.

■ The language of section 110(c) is clear. This clarity places a "greater burden" on ARCO, "as the party seeking to dissuade us from giving the statute its apparent meaning, to demonstrate that the legislative history reveals some hidden ambiguity in the legislature's usage of terms, and resolves that ambiguity in that party's favor." *State, Dep't of Nat. Resources v. City of Haines,* 627 P.2d 1047, 1049 (Alaska 1981). ARCO advances certain policy arguments in support of its interpretation of section 110(c),[5] but offers no evidence that the legislature meant something other than what it said. Absent evidence of such contrary legislative intent, we will apply the statute as written. *Id.* Section 110(c) requires an employee to request a hearing within two years of the date of controversion, and that is what Tipton did. Tipton therefore satisfied his obligations under section 110(c).

## IV. CONCLUSION

The Board's decision and the superior court's judgment are REVERSED. This case is REMANDED to the Board for further proceedings consistent with this opinion.

---

**5.** ARCO incorrectly argues that construing section 110(c) to require an employee to file only one hearing request would allow an employee to "delay[] his case indefinitely" if the requested hearing were cancelled. An employer can prevent a claim from, as ARCO puts it, "languish[ing] for years without being heard" by filing its own request for hearing under section 110(c). According to Board regulations, an employee opposing such a request would have to state "specific reason[s] why a hearing is not appropriate." 8 AAC 45.070(c). A "general allegation that the case should not be heard or that a party is not ready" is insufficient grounds for postponing a hearing. *Id.*