Danny HUSTON, Appellant,

v.

COHO ELECTRIC, and Crawford & Company/Argonaut Insurance Company, and Alaska Insurance Guaranty Association, Appellees.

No. S–6534.

Supreme Court of Alaska.

Sept. 27, 1996.

Michael J. Patterson, Anchorage, for Appellant.

Peter J. Crosby, Crosby & Sisson, P.C., Anchorage, for Appellees Coho Electric and the Alaska Insurance Guaranty Association.

Deirdre D. Ford, DeLisio, Moran, Geraghty & Zobel, Anchorage, for Appellees Coho Electric and Argonaut Insurance Company.

Before COMPTON, C.J., RABINOWITZ, MATTHEWS and EASTAUGH, JJ., and CARPENETI, J. Pro Tem.*

## OPINION

EASTAUGH, Justice.

We must here consider whether AS 23.30.110(c) time bars Danny Huston's claim for workers' compensation benefits. The Alaska Workers' Compensation Board dismissed Huston's claims as untimely. The superior court affirmed when Huston appealed the Board's decision. We reverse and remand.

## I. FACTS AND PROCEEDINGS

Danny Huston injured his lower back while employed by Coho Electric (Coho) in 1984. Argonaut Insurance Company (Argonaut) then insured Coho. Coho/Argonaut accepted the claim for the 1984 injury and paid Huston temporary total disability benefits. He was released to return to work without restriction.

Huston suffered a second back injury while employed by Coho in 1985. Rockwood Insurance Corporation then insured Coho. (The Alaska Insurance Guaranty Association succeeded Rockwood, which has been liquidated.) Coho/Rockwood paid benefits for Huston's 1985 injury, and Huston returned to work for Coho.

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

On May 28, 1987, Huston filed an application for adjustment of claim ("first application"), requesting permanent partial disability (PPD), temporary total disability (TTD), vocational rehabilitation and medical benefits. The application was based upon both the 1984 and 1985 injuries. Coho and its insurers answered the application, denying all claims, on June 24, 1987. On November 14, 1988, Huston served and filed an affidavit of readiness for hearing. The affidavit asserted that Huston was prepared for a hearing "on the issues set forth" in the first application.

In a subsequent prehearing conference, Huston indicated that he only wished to pursue a hearing regarding the payment of certain outstanding medical costs. However, the Board did not conduct a hearing; following a March 6, 1989, prehearing conference, the Board reported that "issues before the Board are resolved. Affidavit of Readiness will be rendered inoperative." The record reveals no objections from any party regarding that statement.

On August 21, 1991, Huston filed another application for adjustment of claim ("second application"), requesting TTD, vocational rehabilitation and medical benefits, plus attorney's fees. That application specified the 1984 injury. Coho and Argonaut answered the application, denying all claims, on September 11, 1991. On February 10, 1992, Huston filed an affidavit of readiness for hearing asserting he was prepared for a hearing to resolve the issues raised in the August 21, 1991, application for adjustment. Huston filed this affidavit of readiness about five months after Coho denied his August 21, 1991, application, and nearly three years after the Board in March 1989 ordered that his 1988 affidavit of readiness "will be rendered inoperative."

A hearing on Huston's August 21, 1991, application was held June 19, 1992. At that hearing, Huston requested and was granted a continuance so he could obtain new counsel following withdrawal of his previous attorney. Huston was subsequently examined by a physician who gave him a nine percent disability rating. Through newly-acquired counsel, Huston filed on July 29 and 30, 1992,

affidavits of readiness for hearing for the 1984 injury and the 1985 injury, respectively. Those affidavits specified that Huston was prepared for a hearing on the issues set forth in the first application dated May 28, 1987; the affidavits made no reference to the second application, dated August 21, 1991. At a prehearing conference, Huston stated that the issues to be heard were Huston's claims for PPD, reimbursement for rehabilitation, medical benefits, and attorney's fees. These were among the benefits Huston had requested in the first application.

Coho and Argonaut asked the Board to dismiss Huston's claim as time-barred under AS 23.30.110(c). The Board held that statute barred all of Huston's claims. It reasoned that the statute of limitations began running again on March 6, 1989, when Huston agreed at the prehearing conference that the issues before the Board at that time had been resolved and when the Board stated the 1988 affidavit of readiness for hearing "will be rendered inoperative." It noted it had held on numerous occasions that when an affidavit of readiness for hearing is rendered inoperative, the limitations statute in subsection 110(c) starts to run again. The Board reasoned that even tolling the two-year time limit for the period between November 14, 1988 (when Huston filed the initial affidavit of readiness for hearing) and March 6, 1989 (when the Board conducted the prehearing conference), Huston's 1992 affidavits were untimely. Thus the Board concluded that the 1987 claim was time-barred.

The superior court affirmed the Board's ruling on appeal.

## II. DISCUSSION

■ This case turns on statutory interpretation. Accordingly, we review the decision of the Board using our independent judgment. *Hood v. State, Workmen's Compensation Bd.*, 574 P.2d 811, 813 (Alaska 1978). Where the superior court has acted as an intermediate court of appeal, we give its determination no deference. *Smith v. Sampson*, 816 P.2d 902, 904 (Alaska 1991).

■ Subsection 110(c) "requires the employee, once a claim has been filed and con-

troverted by the employer, to prosecute the employee's claim in a timely manner." [1] *Jonathan v. Doyon Drilling, Inc.*, 890 P.2d 1121, 1124 (Alaska 1995). *See* 2B Arthur Larson, *The Law of Workmens' Compensation* § 78.84, at 15–426.32(53) (1995) (describing similar statutes by which "a claim may be dismissed for failure to prosecute it or set it down for hearing in a specified or reasonable time").

Subsection 110(c) was the basis for the Board's dismissal of Huston's claim for benefits requested in his May 28, 1987, application. It held that subsection 110(c) barred Huston's 1987 claims because it concluded that the statute of limitations began running again on March 6, 1989, when Huston agreed at the prehearing conference that the issues before the Board at that time had been resolved and when the Board ordered that his initial affidavit of readiness "will be rendered inoperative."

Huston argues that the filing of the November 14, 1988, affidavit of readiness should have permanently tolled subsection 110(c). We agree that the plain language of subsection 110(c) demands only that the employee request a hearing within two years of the date of controversion; the Board may require no more from the employee. *Tipton v. ARCO Alaska, Inc*, 922 P.2d 910 (Alaska 1996). The Board may not unilaterally restart subsection 110(c)'s time limit after the employee has timely requested a hearing.[2]

### III.  *CONCLUSION*

We REVERSE and REMAND to the superior court with instructions that it remand to the Board for reinstatement of Huston's claims.

---

1. When Huston suffered his injuries, subsection 110(c) provided in relevant part:
    If a claim is controverted by the employer and the employee does not request a hearing for a period of two years following the date of controversion, the claim is denied.
    Former AS 23.30.110(c) *amended by* § 20, ch. 79, SLA 1988. The 1988 amendment applies only to injuries suffered on or after July 1, 1988. Ch. 79, § 48, SLA 1988.

2. Our resolution of this issue makes consideration of Huston's remaining arguments unnecessary.