Maxine E. WAGNER, Appellant/Cross–
Appellee,

v.

STUCKAGAIN HEIGHTS and Wau-
sau Insurance Companies, Ap-
pellees/Cross–Appellants.

Nos. S–7183, S–7213.

Supreme Court of Alaska.

Nov. 8, 1996.

Charles W. Coe, Anchorage, for Appel-
lant/Cross–Appellee.

Tracey L. Knutson, DeLisio, Moran, Ger-
aghty & Zobel, Anchorage, for Appel-
lees/Cross–Appellants.

Before COMPTON, C.J., and
RABINOWITZ, MATTHEWS, EASTAUGH
and FABE, JJ.

## OPINION

FABE, Justice.

## I.  INTRODUCTION

This appeal from a decision of the Alaska
Workers' Compensation Board (the Board)
requires us to decide whether the workers'
compensation law that was in effect until
1988 permits an employee to recover simulta-
neously for permanent partial and total dis-
ability.  We hold that it does not and affirm
the superior court's decision on this issue.

## II.  FACTS AND PROCEEDINGS

Maxine Wagner was involved in an auto
accident on July 11, 1985, while performing
an errand for her employer, Stuckagain
Heights.  She injured her back, neck, right
arm, right leg, and hearing.  In Wagner's
application for workers' compensation, she
requested temporary total disability (TTD),
temporary partial disability (TPD), and per-
manent partial disability (PPD).  After ini-
tially controverting her claim, Stuckagain
Heights and its insurance carrier (collectively
Stuckagain) agreed by January 1986 to pay
TTD benefits at a weekly rate of $188.09.

In March 1990 Wagner applied for perma-
nent total disability (PTD) and PPD bene-
fits.  The PTD application was apparently
for her back and neck injuries, while the
PPD application relied on analyses that her

hearing loss was rated as a 6% impairment of her whole body, her right leg injury as an 18% impairment, and her right arm injury as a 14% impairment. She also requested attorney's fees. In April 1990 Stuckagain controverted her application. In July 1990 Stuckagain began to pay PTD benefits but maintained that Wagner's PTD classification precluded her from receiving PPD payments.

In October 1990 Wagner filed an Affidavit of Readiness for Hearing, effectively requesting a hearing before the Board based on her March 1990 application. The Board scheduled a hearing but then cancelled it, because the parties were unable to stipulate to the facts and Wagner's attorney failed to file affidavits about his work on the case.

Nothing happened for nearly two years. In October 1992 Wagner filed a second affidavit of readiness. Stuckagain claimed that the hearing request was untimely under a statute that requires an employee to request a hearing within two years after controversion. After a hearing limited to the timeliness issue, the Board dismissed Wagner's claim. On appeal in August 1993, Superior Court Judge Joan M. Woodward reversed the Board's decision, concluding that the Board had denied Wagner due process by failing to provide notice that its cancellation of her November 1990 hearing might bar her claim. The court remanded the case to the Board.

In October 1993 Wagner filed a new affidavit of readiness. At a hearing before the Board, Wagner requested PPD benefits and attorney's fees. The Board granted her fees but denied her request for PPD benefits. The Board reasoned that the award of partial benefits in addition to the total benefits she was already receiving would provide an inequitable windfall, particularly where both partial and total disability payments were for the same accident. In effect, the Board held that the maximum permanent compensation that a claimant can receive for one accident is total disability benefits.

On appeal to the superior court, Wagner argued that she deserved PTD benefits for her back injury and PPD benefits for her arm injury, leg injury, and hearing loss. In May 1995 Superior Court Judge Karen L. Hunt affirmed the Board's decision, holding that "once an employee becomes totally disabled ... the schedule for permanent partial disability ... becomes irrelevant."

Wagner appeals Judge Hunt's May 1995 decision. Wagner claims that she is entitled to receive PPD payments concurrently with her PTD payments, or in the alternative, that she was entitled at least to PPD payments for the time period between the accident and July 1990, during which she received TTD payments. Stuckagain cross-appeals, claiming that Judge Woodward's 1993 decision remanding the case to the Board was in error and that Wagner's claim should have been dismissed as untimely under AS 23.30.110(c).

## III. *DISCUSSION* [1]

### A. *An Injured Employee May Not Be Simultaneously Entitled to Permanent Total and Partial Disability Benefits.*

■ Wagner asserts that, under the law in effect until 1988, she was entitled to recover simultaneously for permanent disability payments for both total and partial disability.

The current workers' compensation statute clearly provides that a claimant may not receive simultaneous PTD and PPD payments. Under it, PPD payments are awarded "[i]n case of impairment partial in character but permanent in quality, *and not resulting in permanent total disability.*" AS 23.30.190(a) (emphasis added). Moreover, PTD payments "must be reduced by the amount of" any prior PPD award. AS 23.30.180(a). Neither of these provisions, however, is in the versions of the statutes

---

1. In administrative review cases, we review conclusions of law that involve statutory construction and not special agency expertise under the independent judgment standard. *Municipality of Anchorage v. Leigh*, 823 P.2d 1241, 1243 n. 5 (Alaska 1992). We conduct statutory interpretation *de novo*, not bound by the Board's or the superior court's interpretations. *Moesh v. Anchorage Sand & Gravel*, 877 P.2d 763 (Alaska 1994).

that govern this case.[2] Ch. 70, §§ 5, 7, SLA 1983.

This question is one of first impression. Other jurisdictions have allowed concurrent PTD and PPD payments. *Magness Constr. Co. v. Waller*, 269 A.2d 554, 556 (Del.1970); *Cuarisma v. Urban Painters, Ltd.*, 59 Haw. 409, 583 P.2d 321, 324–28 (1978); *Buechler v. North Dakota Workmen's Compensation Bureau*, 222 N.W.2d 858, 862 (N.D.1974); *State ex rel. Consolidation Coal Co. v. Industrial Comm'n of Ohio*, 62 Ohio St.2d 147, 404 N.E.2d 141, 143 (1980). Others reach the opposite result. *Korineck v. General Dynamics Corp., Elec. Boat Div.*, 835 F.2d 42, 43 (2d Cir.1987) (applying federal Longshore & Harbor Workers' Compensation Act (LHWCA)[3]); *Grimshaw v. L. Peter Larson Co.*, 213 Mont. 291, 691 P.2d 805, 806–09 (1984) (applying statutory bar against multiple benefit categories); *Varela v. Arizona Pub. Serv.*, 109 N.M. 306, 784 P.2d 1049, 1051–52 (App.1989) (holding worker who meets standards for both PPD and PTD "entitled only to benefits under the section providing the most"), *cert. denied*, 109 N.M. 262, 784 P.2d 1005 (1989, 1990); *Carothers v. Ti–Caro*, 83 N.C.App. 301, 350 S.E.2d 95, 98 (1986); *Buechler*, 222 N.W.2d at 862–64 (Erickstad, C.J., dissenting).

The statute in effect at the time specifically allowed PPD benefits to run concurrently with TTD or TPD benefits but did not mention PTD payments:

> In case of disability partial in character but permanent in quality the compensation is 80 percent of the injured employee's spendable weekly wages in addition to compensation for temporary total disability or temporary partial disability paid in accordance with AS 23.30.185 or 23.30.200, respectively. . . .

AS 23.30.190(a) *as amended by* Ch. 70, § 7, SLA 1983. The express mention of TTD and TPD benefits and omission of PTD suggests a legislative intent that compensation for PTD and PPD may not be received concurrently.

Furthermore, the statute provided PPD benefits for injuries to multiple body parts only where they were "not amounting to permanent total disability." AS 23.30.190(a)(21) *as amended by* Ch. 70, § 7, SLA 1983. This limitation implies that permanent partial and total disability benefits are exclusive. In another case, we reached the same conclusion. *Ratliff*, 721 P.2d at 1142 n. 8. In *Ratliff* we noted hypothetically that if the claimant, who was receiving PPD benefits, was later found to be permanently totally disabled, he would not have been limited to the PPD benefit schedule and that "[i]f ... an employee is totally disabled ..., the schedule [for PPD] becomes irrelevant." *Id.*

Finally, the statute's structure, which addresses in different sections the concepts of "total disability" and "partial disability," indicates that the two are intended as alternatives. Moreover, the statutory phrase "total disability" suggests a disability that is the greatest a worker can suffer[4] and that therefore triggers the maximum in compensation.

■ Policy arguments also favor Stuckagain's position. Each of the four types of disability is based on a different rationale. Each is calculated differently, and not all require proof of lost earning capacity. *McKean v. Municipality of Anchorage*, 783 P.2d 1169, 1172 (Alaska 1989); *Providence Washington Ins. Co. v. Grant*, 693 P.2d 872, 876 (Alaska 1985); *London v. Fairbanks Mun. Utils., Employers Group*, 473 P.2d 639, 642 (Alaska 1970). However, the purpose of all workers' compensation law is partial reimbursement for loss of earning capacity due to injury. *Wien Air Alaska v. Arant*, 592 P.2d

---

2. The 1983 amendments to AS 23.30.180 and AS 23.30.190(a) applied "only to injuries sustained on or after January 1, 1984." Ch. 70, § 16, SLA 1983. The next, and most recent, amendments applied to injuries sustained on or after July 1, 1988. Ch. 79, § 48, SLA 1988.

3. In interpreting our workers' compensation act, we have heeded federal courts' interpretations of similar provisions of the LHWCA. *Ratliff v.*

*Alaska Workers' Compensation Bd.*, 721 P.2d 1138, 1140–41 (Alaska 1986).

4. Dictionary definitions for "total" include "of or relating to something in its entirety," "complete in all details," "unqualified in extent or degree," and "unlimited in character." Webster's Third New International Dictionary 2414 (1969).

352, 357 (Alaska 1979); *Vetter v. Alaska Workmen's Compensation Bd.*, 524 P.2d 264, 266 (Alaska 1974).

Interpreting the four types of workers' compensation as a consistent whole with a common objective favors the conclusion that simultaneous payment of PTD and PPD benefits should be avoided as redundant and to prevent overcompensation. In a similar vein, Professors Larson and Larson explain that

> awards for successive or concurrent permanent injuries should not take the form of weekly payments higher than the weekly maxima for total disability. The theoretical reason is that, at a given moment in time, a person can be no more than totally disabled. The practical reason is that if he is allowed to draw weekly benefits simultaneously from a permanent total and a permanent partial award, it may be more profitable for him to be disabled than to be well—a situation which compensation law always studiously avoids in order to prevent inducement to malingering.

2 Arthur Larson & Lex K. Larson, *The Law of Workmen's Compensation* § 59.41(a), at 10–561 to 10–567 (1995) (footnotes omitted). The Board relied on this argument to rule in Stuckagain's favor. We also find it persuasive.[5]

▪ Where possible, courts should interpret workers' compensation as one consistent structure intended to further this overall purpose and should award compensation for one type of disability in light of compensation for others, particularly where both are for the same accident. *See Wien*, 592 P.2d at 356 (holding that court should interpret statute in light of purpose of whole instrument);

see, e.g., *Grant*, 693 P.2d at 876 (requiring consideration of compensation for one type of disability when compensating other types).

Although the law then in effect did allow recovery of more than 100% of wages in some situations, because it allowed PPD benefits to run concurrently with temporary benefits, the difference between permanent and temporary forms of workers' compensation justifies a prohibition against simultaneous PTD and PPD benefits despite the possibility of simultaneous PPD and TTD or TPD benefits. *See McKean*, 783 P.2d at 1172–73.

Because statutory interpretation and policy arguments both favor this result, we hold that under the workers' compensation statutes in effect between 1984 and 1988, an employee may not receive concurrent PPD and PTD benefits for the same injurious episode.

**B.** *Wagner Waived Her Argument in the Alternative.*

▪ In the alternative, Wagner argues that she was entitled to PPD benefits at least until July 19, 1990, when Stuckagain changed her status from TTD to PTD.[6] She bases this argument on the premise that a claimant may receive PPD payments simultaneously with either type of temporary payments. However, Wagner did not raise this issue in her arguments before the Board, nor did she list or brief this issue in her administrative appeal to the superior court. Wagner has therefore waived this argument through failure to raise it adequately below. *Gates v. City of Tenakee Springs*, 822 P.2d 455, 460 (Alaska 1991).[7]

---

5. The Board and the superior court both note, quoting the Professors Larson, that these policy reasons are most convincing "when the injuries involved are concurrent rather than consecutive," i.e., if they result from a single injurious episode. Larson, *supra*, at 10–572 to 10–573. While policy reasons may favor limiting the rule against concurrent PTD and PPD benefits to a single injurious episode, the statutes upon which we also rely make no such distinction. We therefore do not resolve the question of whether, under the pre–1988 statute, a claimant may receive simultaneous PTD and PPD benefits for multiple injurious episodes.

6. Stuckagain says that it began paying PTD benefits on June 26, 1989, but it offers no record support for this assertion and we find none.

7. Because our resolution of Wagner's appeal in favor of Stuckagain is dispositive of this case, we need not reach Stuckagain's claim on cross-appeal that the superior court erred in allowing Wagner's claim to proceed, despite the two-year limitation in AS 23.30.110(c). However, we note that two cases decided after we heard this case interpret § 110(c) and resolve some of the issues raised by the cross-appeal. *Tipton v. ARCO Alaska, Inc.*, 922 P.2d 910, 913 (Alaska 1996); *Huston v. Coho Electric*, 923 P.2d 818 (Alaska 1996). Heeding the plain language of the statute, *Tipton*

## IV. CONCLUSION

We hold that the workers' compensation statutes that were in effect between 1983 and 1988 do not allow simultaneous permanent total and partial disability payments. While permanent partial payments and temporary total disability payments may overlap, Wagner waived her alternative argument to that effect by failing to make that argument before the Board and the superior court. Therefore, we AFFIRM the superior court's May 1995 decision.

and *Huston* read § 110(c) as a requirement that an employee simply request a hearing within two years after an employer's controversion, and not as a comprehensive "no progress rule."