Keith JONATHAN, Appellant,

v.

DOYON DRILLING, INC., J.V., and
Alaska National Insurance
Company, Appellees.

No. S–5918.

Supreme Court of Alaska.

March 3, 1995.

Debra Fitzgerald, Chancy Croft, Chancy Croft Law Office, Anchorage, for appellant.

Theresa Hennemann, Elizabeth D. Goudreau, Faulkner, Banfield, Doogan & Holmes, Anchorage, for appellees.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

*OPINION*

MATTHEWS, Justice.

## I. FACTS AND PROCEEDINGS

Keith Jonathan was severely injured in the course of his employment with Doyon Drilling, Inc. on February 12, 1988. Doyon, through its insurer, Alaska National Insurance Company (collectively Doyon), began paying him medical and disability benefits. On July 3, 1989, Jonathan's vocational rehabilitation counselor prepared a rehabilitation report for Doyon relating the efforts made to find Jonathan employment.[1] The report stated that Jonathan expressed an unwillingness to look for work. On August 9, 1989, Doyon filed a Notice of Controversion, contesting the payment of rehabilitation benefits for "failure to cooperate[ ] with vocational rehabilitation specialist." On September 20, 1989, Jonathan's vocational counselor closed Jonathan's file. The counselor stated that the file was being closed based on instructions from Doyon's insurance adjustor.[2]

---

1. The report was dictated on July 3, 1989, but was not finalized and filed until July 17.

2. The file was apparently reopened on October 4, 1989, after Jonathan injured his left leg. The counselor helped find Jonathan housing. On October 16, 1989, Doyon controverted benefits from this most recent injury. The rehabilitation file on Jonathan was subsequently placed on

Jonathan filed an Application for Adjustment of Claim, which he characterizes as his first written claim for benefits, on September 27, 1990. Doyon answered on October 17, 1990, and disputed Jonathan's claim for rehabilitation benefits. Jonathan filed an Affidavit of Readiness for Hearing on April 10, 1991. This was one year and 244 days after Doyon filed its Notice of Controversion. The Workers' Compensation Board (Board) originally scheduled the hearing for August 13, 1991, but later continued the hearing on stipulation of the parties due to the unavailability of one of Doyon's witnesses.

The hearing was rescheduled for October 22, 1991. On October 21 a prehearing conference was held at which the parties agreed to continue the hearing indefinitely because Jonathan's attorney had not been able to contact Jonathan since September. The prehearing summary states "Employee's Affidavit of Readiness is cancelled."

On June 16, 1992, Jonathan filed a second Affidavit of Readiness for Hearing. This was 238 days after Jonathan's first affidavit of readiness was cancelled. The total time between Doyon's controversion and Jonathan's second affidavit in which there was no operative affidavit of readiness was therefore two years. and 117 days.

Doyon petitioned the Board to dismiss Jonathan's claim pursuant to former AS 23.30.110(c)[3] which provided, in part: "If a

claim is controverted by the employer and the employee does not request a hearing for a period of two years following the date of controversion, the claim is denied." The Board denied the petition. Although the Board found that more than two years had passed, it concluded that Doyon had "waived" its controversion by continuing to provide benefits and that dismissal would be inequitable. Doyon appealed to the superior court.

The superior court reversed the Board and dismissed Jonathan's claim for rehabilitation benefits. The court held that more than two years passed between Doyon's controversion and Jonathan's operative notice of readiness for a hearing, that the Board's conclusion that Doyon had waived its controversion was not supported by substantial evidence, and that therefore AS 23.30.110(c) required that the claim be dismissed.

## II. DISCUSSION

■ On appeal, Jonathan argues that both his requests for a hearing were within the two-year limit imposed by AS 23.30.110 because the time period did not begin until he filed a written application for benefits with the Board, which was subsequently controverted by Doyon.[4] Under Jonathan's interpretation, Doyon's August 9, 1989 Notice of Controversion did not trigger the statute of limitations of section 110(c) because no written "claim" had yet been filed; rather, Doyon's October 17, 1990 answer to Jonathan's application for benefits triggered section 110(c). In the alternative, Jonathan argues that the Board's decision that Doyon waived

"hold" in accordance with Doyon's insurance adjustor's request. Issues relating to the October 16th controversion are not before the court.

3. This opinion's references to AS 23.30.110(c) refer to former AS 23.30.110(c). AS 23.30.110(c) was amended by § 20 ch. 79 SLA 1988. The amended section, effective July 1, 1988, states, in part:
    If the employer controverts a claim on a board-prescribed controversion notice and the employee does not request a hearing within two years following the filing of the controversion notice, the claim is denied.
    AS 23.30.110(c).

4. Doyon argues that Jonathan waived the argument that he complied with AS 23.30.110(c) by not raising it before the Board. Before the

Board, Jonathan argued only that Doyon negated the August 9th controversion by continuing to pay benefits after it was issued and that Doyon failed to pursue the specific remedies provided in AS 23.30.041(h) for controverting a claim for rehabilitation benefits based on a failure to cooperate. On appeal, Jonathan argues that his current argument has not been waived as this court may consider any ground which, as a matter of law, supports the results reached by the Board. *See Stordahl v. Government Employee Ins. Co.,* 564 P.2d 63, 67 n. 16 (Alaska 1977); *Ransom v. Haner,* 362 P.2d 282, 285 (Alaska 1961). The superior court chose to review Jonathan's claim on its merits and we do so as well, based on the above authorities.

its August 9, 1989 controversion is supported by substantial evidence and should be affirmed. We agree with the first argument and thus have no occasion to address the second.

Jonathan's argument that he requested a hearing within two years of the date of Doyon's claim controversion rests on his interpretation of the word "claim" in AS 23.30.110(c). He argues that "claim" means an injured employee's written application to the Board for benefits.

■ The Workers' Compensation Act does not define the term "claim."[5] In the act, however, the word "claim" often refers to a written application for benefits which is filed with the Board. For example, AS 23.30.105, "Time for filing claims," provides:

> The right to compensation for disability under this chapter is barred unless *a claim for it is filed* within two years after the employee has knowledge of the nature of the employee's disability and its relation to the employment and after disablement. However, the maximum time for *filing the claim* . . . shall be four years from the date of injury, and the right to compensation for death is barred unless a *claim therefor is filed* within one year after the death, except that if payment of compensation has been made without an award on account of the injury or death, *a claim may be filed* within two years after the date of the last payment of benefits.

AS 23.30.105(a) (emphasis added). In addition to indicating that a "claim" is a written pleading that is filed, this section clearly differentiates between a claim and the employee's right to compensation. Otherwise the provision tolling the period for filing a claim while benefits are being paid makes no sense. Similarly, AS 23.30.110 provides:

> (a) Subject to the provisions of AS 23.30.105, a claim for compensation may be filed with the board in accordance with its regulations at any time after the first sev-

en days of disability following an injury, or at any time after death, and the board may hear and determine all questions in respect to the claim.

> (b) Within 10 days after a claim is filed the board, in accordance with its regulations, shall notify the employer and any other person, other than the claimant, whom the board considers an interested party that a claim has been filed. The notice may be served personally upon the employer or other person, or sent by registered mail.

> (c) The board shall make the investigation which it considers necessary with respect to the claim, and upon application of an interested party shall provide an opportunity for a hearing on it. If a hearing on a claim is ordered, the board shall give the claimant and other interested parties at least 10 days' notice . . . and shall, within 30 days after the hearing record closes, by order, reject the claim or make an award in respect to it. . . . If a claim is controverted by the employer and the employee does not request a hearing for a period of two years following the date of controversion, the claim is denied.

Each of the first four uses of the word "claim" in section 110 clearly refer to a pleading that must be filed with the Board. None of the other uses indicate that any different meaning is intended. "There is a presumption that the same words used twice in the same act have the same meaning." *Kulawik v. ERA Jet Alaska,* 820 P.2d 627, 634 (Alaska 1991) (quoting 2A Norman J. Singer, *Sutherland Statutory Construction,* § 46.06, at 104 (4th ed. 1984)); *see also Benner v. Wichman,* 874 P.2d 949, 957 (Alaska 1994).

Doyon counters that the other uses of "claim" in sections 105 and 110 are not relevant to the meaning of the last sentence of section 110(c). It argues that the key words in this sentence are "controverted by the employer." Therefore, the starting point of

---

**5.** *But see* 8 AAC 45.900(a)(5) (" 'claim' includes any matter over which the board has jurisdiction").

the two-year period for requesting a hearing should be the employer's controversion, regardless of whether the employee had filed a claim. Doyon relies on AS 23.30.155(a), which addresses controversions:

> Compensation under this chapter shall be paid periodically, promptly, and directly to the person entitled to it, without an award, except where liability to pay compensation is controverted by the employer. To controvert a claim the employer must file a notice....

AS 23.30.155(a). Doyon argues that because section 155 authorizes a controversion prior to a written claim by the employee, the written claim is not necessary to trigger the running of the period for requesting a hearing. Doyon also relies on *Suh v. Pingo Corp.*, 736 P.2d 342 (Alaska 1987), in which this court, in dicta describing the worker's compensation system, recognized that the employer's controversion could precede the employee's claim.

> [I]f the employer controverts the worker's claim for compensation, the worker must file a claim (AS 23.30.105(a)) and request a hearing before the Board. AS 23.30.110(c). Compensation does not begin until the Board has held a hearing and issued a compensation order. AS 23.30.155(a); 23.30.110(c).

> The statute of limitations governing requests for hearings is critically affected by the employer's choice of whether or not to controvert the worker's right to compensation. If the employer chooses to controvert, the worker generally must file a claim and request a hearing within two years after gaining knowledge of his disability.

*Id.* at 346.

There is a distinction between the employee's right to compensation (called "the worker's claim for compensation" in *Suh, id.*) and the pleading which must be filed if benefits are controverted (called "a claim" in *Suh, id.*). Because the same word is used to describe both the right and the pleading in *Suh* as well as in section 155(a), they raise rather than answer the question of whether the use of the word claim in the last sentence

of section 110(c) was intended to mean the employee's right to compensation or only the employee's written application for benefits. Although both a written application and the liability to pay compensation in the absence of an award may be controverted, it does not necessarily follow that both types of controversion will trigger the two-year time period for requesting a hearing.

The more persuasive reading of the word "claim" is as a written application for benefits filed with the Board. As discussed above, this reading is consistent with the other uses of the word claim in section 110(c).

This reading also best harmonizes the two-year limitation period for requesting a hearing with the statute of limitations in AS 23.30.105(a). Alaska Statute 23.30.105(a) requires an employee to file a claim within two years of the last payment made without an award. AS 23.30.105(a). Filing a claim is a prerequisite to requesting a hearing. AS 23.30.110; 8 AAC 45.050(a). If AS 23.30.110(c) requires the employee to request a hearing within two years of a controversion of the right to compensation, then the limitations period of section 105 is rendered essentially meaningless, because the employee would have to file a claim *and* be ready for a hearing within two years. Both limitations periods can be effective, however, if the limitations period of section 110(c) is only triggered after the employee files a claim. Then, AS 23.30.105(a) limits the time in which the employee must file a claim, while 110(c) requires the employee, once a claim has been filed and controverted by the employer, to prosecute the employee's claim in a timely manner.

As section 110(c) requires an injured employee to request a hearing within two years after he files a written application for benefits which is denied by the employer, Jonathan's second request for a hearing was timely. He filed his application for adjustment of claim on September 27, 1990, which Doyon answered on October 17, 1990. His second request for a hearing was filed on June 16, 1992, well within two years of Doyon's answer, especially when the six-month period between Jonathan's first request for a hear-

ing (April 10, 1991) and the cancellation of this request (October 21, 1991) is subtracted.

## III. CONCLUSION

The decision of the superior court is reversed and this case is remanded to the superior court with directions to reinstate Jonathan's claim for vocational rehabilitation benefits. A controversion of the right to receive compensation, in the absence of a written claim for compensation, is not sufficient to start the two-year limitations period for requesting a hearing. Alaska Statute 23.30.110(c) specifically requires that the employee has two years from the date "a claim is controverted by the employer" to request a hearing. Therefore, until the employee files a claim, any controversion by the employer does not begin this limitations period.

REVERSED and REMANDED.