Walter H. BAILEY, Appellant,

v.

TEXAS INSTRUMENTS, INC., formerly
Geophysical Services, Inc., and Conti-
nental Insurance Co., Appellees.

No. S–11293.

Supreme Court of Alaska.

April 22, 2005.

**322**

Paul B. Eaglin, Eaglin Law Office, Fairbanks, for Appellant.

Randall J. Weddle and Jeffrey D. Holloway, Holmes Weddle & Barcott, Anchorage, for Appellees.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, FABE, and CARPENETI, Justices.

*OPINION*

BRYNER, Chief Justice.

## I. INTRODUCTION

In 1997, 1999, and 2001, Walter Bailey filed workers' compensation claims for medications to treat a work-related back injury. His employer, Geophysical Services, contested the claims, and the workers' compensation board dismissed them because Bailey failed to request a hearing within two years after Geophysical Services controverted his 1997 claim. We affirm the board's order dismissing the earlier claims but reverse as to the 2001 claim. Bailey's 2001 claim sought compensation for later medical services than his

earlier claims and could not have been filed with those claims, so it was subject to its own statute of limitations. Because Bailey asked for a hearing in 2002, less than two years after filing his 2001 claim, that claim was not time-barred and should not have been dismissed.

## II. FACTS AND PROCEEDINGS

Walter Bailey fell and injured his lower back in May 1981 while pulling cable as an employee of Geophysical Services, Inc. (Geophysical).[1] Geophysical accepted Bailey's workers' compensation claim and paid medical and time-loss benefits over the next seven years. Then a dispute arose concerning the extent of Bailey's disabilities and his ability to return to work. The parties reached a settlement in 1988. As part of the settlement, Bailey waived all non-medical claims against Geophysical but preserved his right to claim future medical benefits; Geophysical reserved the right to contest any future medical claims.

After settling with Bailey, Geophysical continued paying for medical care and medication related to his injury for nine more years. His treatment included hydrotherapy and physical therapy, as well as narcotics and benzodiazepines to manage pain. In early 1997 several Fairbanks pharmacies submitted claims to Geophysical for Bailey's prescription medication. Geophysical controverted those claims. It did not challenge the compensability of his underlying injury; instead, relying on the results of an independent medical examination, Geophysical claimed that Bailey no longer needed narcotics and benzodiazepines and could be treated with non-steroidal anti-inflammatory medications.

Soon after Geophysical filed its notice of controversion, Bailey applied to the workers' compensation board for an adjustment of his claim, seeking to compel Geophysical to pay for his prescriptions. On October 2, 1997,

---

1. Geophysical Services is the predecessor in interest to the current defendant, Texas Instruments. At the time of most of the proceedings of this case, Geophysical Services' workers' compensation insurance adjuster was Crawford & Co. The current insurer and co-defendant is Continental Insurance Co. For clarity, we refer to the defendants as Geophysical throughout this opinion.

Geophysical again controverted Bailey's claim.

On October 1, 1999, not quite two years after the second controversion, Bailey filed another claim, contesting Geophysical's continuing refusal to pay the 1997 pharmacy bills. Geophysical controverted this claim on October 13, 1999. In addition to the arguments it raised in its previous controversion notices, Geophysical contended that Bailey's claim was time-barred because he had not requested a hearing within two years of the 1997 controversion.

Two months later the board held a prehearing conference. The hearing officer assumed that Bailey's 1999 claim amended his 1997 claim. Because the hearing officer recognized that Bailey was not represented by an attorney and might not have understood the two-year statute of limitations for requesting a hearing, she explained that Bailey needed to request a hearing within two years. In addition, she apparently restarted the statute-of-limitations clock, giving Bailey two years from the October 13 controversion to submit his request for a hearing.

About eighteen months later, in May 2001, Bailey filed another claim. In this claim he sought payment for medical expenses he had incurred since 1997. He also pressed claims for breach of contract, mental duress, and physical pain. Geophysical controverted this claim soon after it was filed. Fourteen months later, in July of 2002, Bailey filed a request for a hearing. The board set the case for a hearing, and the parties agreed that only Bailey's claims for medical benefits would be considered.

After holding the hearing, the board dismissed Bailey's claims. The board treated Bailey's 1999 and 2001 claims as merging with his 1997 claim and determined that all three claims were time-barred under AS 23.30.110(c) because Bailey failed to request a hearing within two years of Geophysical's 1997 notice of controversion. In reaching this conclusion, the board reasoned that Bailey's 1999 and 2001 claims merely restated his 1997 claim and were thus governed by the original statute of limitations.

Bailey, still *pro se,* appealed to the superior court. Shortly before the due date of his opening brief, Bailey hired a lawyer who filed a brief that raised several arguments not raised before the board and not included in Bailey's statement of points on appeal. He argued that AS 23.30.110(c)'s time limit for requesting a hearing did not apply to claims for medical benefits, that the statutory time limit was unconstitutionally vague, that it violated his rights to equal protection and substantive and procedural due process, that the board misapplied the doctrine of res judicata, and that Geophysical had acted in bad faith in controverting his claims.

The superior court affirmed the board's decision, ruling that Bailey had waived these issues by failing to raise them before the board or include them in his statement of points on appeal and that the issues lacked merit in any event.

Bailey appeals, renewing these claims.

## III. DISCUSSION

### A. Standard of Review

■ This appeal requires us to review the workers' compensation board's administrative decision to dismiss Bailey's claims. Although the superior court also reviewed the board's decision, "[w]hen the superior court acts as an intermediate court of appeal in an administrative matter, we independently review and directly scrutinize the merits of the board's decision." [2]

■ The proper application of a statute of limitations involves questions of law that do not require agency expertise. [3] We review such questions under the substitution of judgment standard. [4] The constitutionality of a statute and the meaning of statutory terms

---

**2.** *Alyeska Pipeline Serv. Co. v. DeShong,* 77 P.3d 1227, 1231 (Alaska 2003).

**3.** *Law Offices of Steven D. Smith, P.C. v. Borg–Warner Sec. Corp.,* 993 P.2d 436, 443 (Alaska 1999).

**4.** *Holding v. Municipality of Anchorage,* 63 P.3d 248, 250 (Alaska 2003).

also involve questions of law to which we apply our independent judgment.[5]

 Determining whether an employer controverted a claim in good faith requires resolving questions of fact. We review these questions under the substantial evidence standard.[6] Under the substantial evidence standard, "[f]actual findings will be upheld so long as there is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[7]

### B. Application of AS 23.30.110(c)

 The board found that Bailey's claim was time barred by AS 23.30.110(c) of the workers' compensation act. Subsection .110(c) gives claimants two years to request a hearing after an employee controverts a claim:

> Before a hearing is scheduled, the party seeking a hearing shall file a request for a hearing together with an affidavit stating that the party has completed necessary discovery, obtained necessary evidence, and is prepared for the hearing.... If the employer controverts a claim on a board-prescribed controversion notice and the employee does not request a hearing within two years following the filing of the controversion notice, the claim is denied.

Bailey argues that both as a matter of statutory interpretation and as a matter of constitutional law the time limits of AS 23.30.110(c) cannot be applied to his claims. Before addressing these arguments, however, we must consider the preliminary question of whether the undisputed facts of the case would support a dismissal under subsection .110(c), even if the provision applies to Bailey's claim and is constitutionally valid.

Bailey filed three claims for medical benefits. In the first claim, filed in 1997, Bailey objected to Geophysical's controversion of claims that had been submitted by his pharmacies. The second claim, filed in 1999, renewed Bailey's 1997 claim. In the third claim, filed in 2001, Bailey sought compensation for medical expenses incurred after 1997. Bailey also pressed claims for breach of contract, for mental duress, and for physical pain.

The board held that the only claim that mattered for purposes of the two-year statute of limitations was Bailey's 1997 claim, finding that his two later claims merged with the 1997 claim because they were "for the same benefits originally sought." Because Geophysical controverted Bailey's 1997 claim on October 2, 1997, the board reasoned that subsection .110(c) required him to request a hearing by October 2, 1999. So the board concluded that his claims should be dismissed.

We agree that Bailey's 1997 and 1999 claims were properly dismissed. But we conclude the board should not have dismissed Bailey's 2001 claim.

Normally, Bailey's failure to request a hearing on his 1997 claim by October 2, 1999 would require that this claim be dismissed.[8] But at the 1999 prehearing conference, the hearing officer treated Bailey's 1999 claim as an amendment of the 1997 claim and, to avoid any possible confusion on the issue, apparently gave Bailey two more years from the October 13, 1999, controversion to request a hearing. As a result, Bailey had until October 13, 2001, to request a hearing on the 1997 and 1999 claims. Nonetheless, Bailey failed to request a hearing until July 5, 2002, well past the two-year statute of limitations. If subsection .110(c) applies to these claims and is valid, both Bailey's 1997 and 1999 claims were properly dismissed.

Bailey's 2001 claim, in contrast, should not have been dismissed. The 2001 claim sought

---

**5.** *Id.; Northern Alaska Envtl. Ctr. v. State, Dep't of Natural Res.,* 2 P.3d 629, 633 (Alaska 2000) (holding that "[w]e review [an] agency's interpretation of . . . non-technical statutory terms under the substitution of judgment standard").

**6.** *See, e.g., Williams v. Abood,* 53 P.3d 134, 146–47 (Alaska 2002) (upholding the board's determination that an employer's controversion was in good faith because the board had substantial

evidence to justify its determination); *Dougan v. Aurora Elec. Inc.,* 50 P.3d 789, 795 (Alaska 2002) (same).

**7.** *Dougan,* 50 P.3d at 793 (quoting *Grove v. Alaska Constr. & Erectors,* 948 P.2d 454, 456 (Alaska 1997)).

**8.** AS 23.30.110(c), supra at 6.

compensation for medical expenses—physician services and prescription medications—that were incurred after Bailey filed his 1997 claim. Bailey did not simply re-file the 1997 claim in 2001; rather, he sought compensation for different expenses. Because the 2001 claim was independent of the 1997 and 1999 claim, and because Bailey requested a hearing less than two years after Geophysical controverted his 2001 claim, the claim is not time-barred.

It is true that Bailey apparently sought the same type of medication in each of his claims. But the fact that Geophysical succeeded in controverting the 1997 pharmacy bills because Bailey failed to file a timely request for a hearing does not mean that Bailey can never again claim reimbursement for narcotics or benzodiazepines. Under the terms of the 1988 settlement, Bailey reserved the right to claim future medical benefits and Geophysical reserved the right to controvert those claims as they were filed. Geophysical based its 1997 controversion on a report by an independent medical examiner who merely thought that Bailey's condition did not need to be treated with narcotics and benzodiazepines at the time of the independent medical exam. The independent examiner's report nowhere indicated that those medications were categorically inappropriate for Bailey's condition or that Bailey would never again need to use them in the future. Thus, even assuming that a dismissal under subsection .110(c) might have a preclusive effect in some situations, here the 1997 and 1999 controversions do not preclude Bailey from bringing future claims for narcotics and benzodiazepines.[9]

In summary, if the two-year time limit in subsection .110(c) applies in this case and is valid, Geophysical successfully controverted Bailey's 1997 and 1999 claims and Bailey may not seek compensation for the pharmacy bills in those claims or for any other related expenses that he could have included in these earlier claims. But Bailey remains free to claim (and Geophysical remains free to controvert) compensation for subsequent medical care and medications, including prescriptions for narcotics and benzodiazepines. Bailey's 2001 claim did precisely that. Because Bailey requested a hearing on the 2001 claim well within the two-year statute of limitations, his 2001 claim could not be dismissed under subsection .110(c).

## C. Applicability and Validity of Subsection .110(c)

So far, our analysis has assumed that subsection .110(c) is valid and applies to medical claims. Bailey raises a number of challenges to subsection .110(c), arguing that it does not apply to medical claims and that it is constitutionally infirm. These challenges require only cursory discussion; for the reasons set out in the margin, we find them to be lacking merit.[10] We thus hold that sub-

---

9. The board's reliance on our opinion in *Robertson v. American Mechanical, Inc.*, 54 P.3d 777 (Alaska 2002) is misplaced. *Robertson* addressed claims that should have been brought together. But Bailey's 2001 claim involved expenses that he did not incur until after he filed his 1997 claim. He could not have brought the 2001 claim in 1997.

10. The specific challenges Bailey raises and our resolution of them are as follows:

(a) Bailey argues, relying on *Jonathan v. Doyon Drilling, Inc.*, 890 P.2d 1121 (Alaska 1995), that the time limits of AS 23.30.110(c) do not apply to medical claims because AS 23.30.105(a) does not apply to medical claims. We disagree. Bailey's reliance on *Jonathan* is misplaced. In *Jonathan*, we recognized that subsections .105(a) and .110(c) create separate time limits governing different aspects of a workers' compensation proceeding. Assuming subsection .105(a) does not apply to medical claims (an issue we do not decide here), we

find no persuasive reason to conclude that subsection .110(c) does not extend to medical claims.

(b) Bailey argues that AS 23.30.110(c) violates his rights to substantive due process and equal protection. Both claims are premised on his assertion that requiring employees to prosecute their claims within a specified time frame is arbitrary, serves no rational purpose, and arbitrarily discriminates against claimants. We see no merit in these assertions. The law commonly imposes a burden of proceeding on a claimant. Here Bailey is the claimant. Under Alaska's workers' compensation laws, when an employee files a claim, the employer is required to controvert or pay. AS 23.30.095(*l*) & (m). If the employer fails to pay or controvert, it loses its right to controvert and may be subject to a penalty. AS 23.30.155(c), (e), & (f). Moreover, the employer may not controvert the employee's claim without having a good faith basis to do so. *Harp v. ARCO Alaska, Inc.*, 831 P.2d 352, 358

section .110(c) governs Bailey's medical claims and is constitutionally valid as applied to these claims.

## IV. CONCLUSION

We AFFIRM the board's dismissal of Bailey's 1997 and 1999 claims. We REVERSE the board's dismissal of his 2001 claim and REMAND for further proceedings on that claim.

(Alaska 1992). Once an employer controverts a claim, the burden shifts to the employee to prosecute the claim promptly. When viewed as a whole, these requirements are rational because they promote the core purpose of the workers' compensation act: to establish a quick, efficient, and fair system for resolving disputes. Ch. 79, § 1, SLA 1988. In the context of the system as a whole, it is hardly unreasonable to impose the burden of proceeding on a claimant after the employer has filed a formal controversion.

(c) Bailey next asserts that AS 23.30.110(c), as applied to him, violates his right to procedural due process. To the extent that Bailey bases his argument on issues of inadequate or misleading notice or statutory vagueness, his claims lack merit even assuming deficiencies in the written notices he received. Our review of the record satisfies us that the specific advice he received from the hearing officer at the 1999 prehearing conference adequately informed him of his obligation to request a hearing within two years. Since he filed his request for a hearing more than two years after receiving that advice, any deficiencies in previous written notices had no effect on his claims.

To the extent that Bailey's procedural due process claims are based on the assertion that the board should have scheduled a hearing sua sponte under AS 23.30.155(h), the argument is meritless. Subsection .155(h) at most gives the board discretion to act sua sponte in setting a claim for hearing without a request. Bailey has not shown any circumstances demonstrating that the board's failure to schedule a hearing was an abuse of discretion.

(d) Finally, Bailey argues that Geophysical acted in bad faith when it controverted his claims. But the medical opinion of the independent medical examiner, who expressly stated that Bailey did not need narcotics and benzodiazepines, would have sufficed to allow Geophysical to prevail at a hearing if the opinion remained uncontradicted. The opinion of the independent medical examiner is thus sufficient reason under *Harp*, 831 P.2d at 358, for a good-faith controversion.