Nghi KIM, Appellant,

v.

ALYESKA SEAFOODS, INC. and Alaska
National Insurance Co., Appellees.

No. S–12754.

Supreme Court of Alaska.

Dec. 5, 2008.

James R. Walsh, Law Office of James R. Walsh, Lynnwood, Washington, and Michael J. Schneider, Law Offices of Michael J. Schneider, Anchorage, for Appellant.

Kara Heikkila, Holmes Weddle & Barcott, Seattle, Washington, for Appellees.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, CARPENETI and WINFREE, Justices.

*OPINION*

WINFREE, Justice.

## I. INTRODUCTION

After leaving his job, an employee alleged that he had injured his back during his employment. The employer controverted benefits and the employee filed a workers' compensation claim with the Alaska Workers' Compensation Board. The employer controverted the compensation claim. A workers' compensation statute states that if an employee does not request a hearing within two years of a notice of controversion, the employee's claim "is denied." Two days before the second anniversary of the controversion of his claim, the employee filed a motion for a continuance, requesting more time to prepare for hearing. The employer then petitioned for denial of the compensation claim as time-barred. The Board did not expressly rule on the employee's motion, but granted the employer's petition and denied the employee's compensation claim, finding that the employee had failed to timely file a hearing request. The Alaska Workers' Compensation Appeals Commission affirmed the Board. Because the relevant statutory language for requesting a hearing is directory rather than mandatory, substantial compliance is sufficient to toll the time-bar, and the Board has discretion to extend the deadline for good cause. We therefore reverse and remand for further proceedings.

## II. FACTS AND PROCEEDINGS

Nghi Kim worked for Alyeska Seafoods, Inc. in a surimi plant in Unalaska from January to March 2002. He returned to his home in Washington in mid-March 2002 and gave notice in mid-August that he had suffered a back injury on February 25, 2002. After Alyeska controverted workers' compensation benefits, Kim filed a workers' compensation claim for temporary total disability benefits, medical and transportation costs, and attorney's fees and costs. Alyeska controverted Kim's compensation claim on December 17, 2003, with a Board-prescribed notice.

On December 15, 2005, two days before the second anniversary of Alyeska's controversion of his compensation claim, Kim filed a motion for a continuance supported by a declaration from his attorney that Kim was not ready for a hearing and needed more time to prepare his case. The attorney asserted that Kim "face[d] a significant language barrier" interfering with his ability to prepare his case for hearing and requested a

continuance "pursuant to AS 23.30.110" for further discovery and preparation of the case.[1]

Alyeska did not respond directly to Kim's motion.[2] Instead, on January 3, 2006, Alyeska filed a petition and supporting memorandum for denial of Kim's claim as time-barred under AS 23.30.110(c), arguing that Kim had not filed a request and an affidavit of readiness for a hearing on his compensation claim. In response, Kim's attorney explained why he could not sign a truthful affidavit of readiness for hearing on Kim's claim and asked the Board to treat the motion for continuance as a constructive request for a hearing.

Alyeska filed an affidavit of readiness for hearing on its petition to deny Kim's compensation claim. At a pre-hearing conference, the parties agreed to submit the dispute for a hearing on written briefing. Although the Board's representative noted both Kim's motion for a continuance and Alyeska's petition for denial of Kim's claim, Alyeska's petition was identified as the issue for the hearing. Kim filed a hearing brief and declaration by his attorney regarding the basis for the continuance motion. After reviewing the par-

ties' briefs, the Board decided that oral arguments would be useful.

The Board ultimately found Kim's claim time-barred. On appeal the Commission affirmed the Board, concluding that substantial evidence in the record supported the finding that Kim had failed to file a request for hearing within two years of the controversion of his claim. It construed AS 23.30.110(c) to require denial of the claim, and further determined that substantial evidence supported an implicit finding by the Board that Kim had failed to present evidence justifying equitable relief from a dismissal.

### III. STANDARD OF REVIEW

 Because the Commission's decisions represent the final administrative action in a workers' compensation case and have precedential value for the Board and the Commission, and because the questions presented are questions of law not involving agency expertise, we review the Commission's decision.[3] Proper application of a statute of limitations presents a question of law to which we apply our independent judg-

---

1. The relevant part of AS 23.30.110, "Procedure on claims," is as follows:

 (c) Before a hearing is scheduled, the party seeking a hearing shall file a request for a hearing together with an affidavit stating that the party has completed necessary discovery, obtained necessary evidence, and is prepared for the hearing. An opposing party shall have 10 days after the hearing request is filed to file a response. If a party opposes the hearing request, the board or a board designee shall within 30 days of the filing of the opposition conduct a pre-hearing conference and set a hearing date. If opposition is not filed, a hearing shall be scheduled no later than 60 days after the receipt of the hearing request.... After a hearing has been scheduled, the parties may not stipulate to change the hearing date or to cancel, postpone, or continue the hearing, except for good cause as determined by the board.... If the employer controverts a claim on a board-prescribed controversion notice and the employee does not request a hearing within two years following the filing of the controversion notice, the claim is denied.

2. The Board's regulations contemplate two kinds of filings with the Board: claims, which are written requests for statutory workers' compensation benefits; and petitions, which are all other requests for action by the Board. 8 Alaska Ad-

ministrative Code (AAC) 45.050(a)-(b) (2004). The Board evidently considered Kim's motion to be a properly filed petition, because it was not returned. *See* 8 AAC 45.050(b)(8) (Board will return petition not in accordance with regulations). A hearing on a petition generally will not be scheduled in the absence of a timely filed affidavit of readiness. 8 AAC 45.070(b). Affidavits of readiness for hearing on petitions may not be filed until the earlier of an answer to the petition or twenty days after the petition is filed. 8 AAC 45.070(b)(2). However, the Board may schedule a hearing on a petition even in the absence of an affidavit of readiness. 8 AAC 45.070(b)(3). Kim did not file an affidavit of readiness for hearing on his motion.

3. *Barrington v. Alaska Commc'n Sys. Group, Inc.*, 198 P.3d 1122, 1125, 2008 WL 4682644, Op. No. 6321 at 5 (Alaska 2008). As in *Barrington*, we decline to adopt here a general rule for appeals from the Commission about the standards we will use to review other types of rulings that may be presented in workers' compensation appeals, such as factual determinations, decisions committed to adjudicator discretion, or rulings on questions of law that involve agency expertise. *Id.* at 6, 1125–26. We also express no opinion about whether we will review the Commission's decision or the Board's decision in other circumstances. *Id.*

ment.[4] Applying our independent judgment, we adopt "the rule of law that is most persuasive in light of precedent, reason, and policy."[5]

## IV. DISCUSSION

■ The first and last sentences of AS 23.30.110(c) govern the manner by which hearings are requested before the Board and the consequences of failure to prosecute a claim:

> Before a hearing is scheduled, the party seeking a hearing shall file a request for a hearing together with an affidavit stating that the party has completed necessary discovery, obtained necessary evidence, and is prepared for the hearing.... If the employer controverts a claim on a board-prescribed controversion notice and the employee does not request a hearing within two years following the filing of the controversion notice, the claim is denied.[6]

■ The first sentence of the subsection sets out prerequisites for scheduling a hearing: a party must submit a request for hearing with an affidavit swearing that the party is prepared for a hearing.[7] The last sentence of the subsection specifies when a claim is denied for failure to prosecute: if "the employee does not request a hearing within two years" of controversion, "the claim is denied."[8] The Commission recognized that "[t]he lack of reference to the affidavit in the

last sentence of section 110(c), coupled with the use of the verb 'request,' hints that filing a hearing request without an affidavit will toll the time-bar." The Commission nonetheless held that a Board regulation requiring an affidavit to request a hearing was a reasonable interpretation of subsection .110(c) and that the Board could reasonably require an affidavit to toll the time-bar of subsection .110(c).[9] But because a statutory dismissal results from failing to *request* a hearing, rather than from failing to *schedule* one, it was error to conclude that an affidavit of readiness was required to request a hearing and toll the time-bar. We conclude that strict compliance with the affidavit requirement is unnecessary because subsection .110(c) is directory, not mandatory.

■ Subsection .110(c) is a procedural statute that "sets up the legal machinery through which a right is processed" and "directs the claimant to take certain action following controversion."[10] A party must strictly comply with a procedural statute only if its provisions are mandatory; if they are directory, then "substantial compliance is acceptable absent significant prejudice to the other party."[11] In *South Anchorage Concerned Coalition, Inc. v. Municipality of Anchorage*, we examined a municipal ordinance with language similar to the language in subsection .110(c).[12] In that case, we deter-

4. *Bailey v. Tex. Instruments, Inc.*, 111 P.3d 321, 323–24 (Alaska 2005) (interpreting AS 23.30.110(c)); *Tipton v. ARCO Alaska, Inc.*, 922 P.2d 910, 912 n. 1 (Alaska 1996) (same).

5. *Seybert v. Cominco Alaska Exploration*, 182 P.3d 1079, 1089 (Alaska 2008).

6. AS 23.30.110(c). We have previously likened the time-bar in subsection .110(c) to a statute of limitations because it denies the benefits requested in a compensation claim. *Tipton*, 922 P.2d at 912 n. 4 (citing *Jonathan v. Doyon Drilling, Inc.*, 890 P.2d 1121, 1122 (Alaska 1995); *Suh v. Pingo Corp.*, 736 P.2d 342, 346 (Alaska 1987)). A statute of limitations defense is disfavored, and we have previously held that provisions absent from subsection .110(c) should not be read into it. *Tipton*, 922 P.2d at 912–13 (rejecting employer's argument that in order to avoid the time-bar an employee must again request a hearing every time a previously-requested hearing is cancelled).

7. AS 23.30.110(c).

8. *Id.*

9. The Commission cited 8 AAC 45.070(b)(1), which provides that an affidavit of readiness is required to request a hearing. We note that 8 AAC 45.070(b)(3) allows the Board to schedule a hearing even though a party fails to file an affidavit of readiness.

10. *Pan Alaska Trucking, Inc. v. Crouch*, 773 P.2d 947, 949 (Alaska 1989).

11. *S. Anchorage Concerned Coal., Inc. v. Mun. of Anchorage Bd. of Adjustment*, 172 P.3d 768, 772 (Alaska 2007) (citing *In re Wiederholt*, 24 P.3d 1219, 1233 (Alaska 2001)).

12. 172 P.3d at 772. We quoted Anchorage Municipal Code 21.30.050(B) in that case as follows:

> The appellant shall arrange for the preparation of the transcript of the board hearing by a court reporter or the current board and commission recording secretary and shall pay the

mined that the ordinance was directory, not mandatory, so that strict compliance with the ordinance was not required.[13] We stated there:

> A statute is considered directory if (1) its wording is affirmative rather than prohibitive; (2) the legislative intent was to create "guidelines for the orderly conduct of public business"; and (3) "serious, practical consequences would result if it were considered mandatory." [14]

We conclude that the language of subsection .110(c) satisfies these criteria and hold its provisions are directory. First, the language of subsection .110(c) is affirmative, not prohibitive.[15] The first sentence of the statute directs a party to file a request for a hearing with an affidavit of readiness to schedule a hearing, but it does not say what a party or the Board should not do. The last sentence of the subsection also gives an affirmative directive, rather than a prohibition, simply stating that a claim is denied if the employee does not request a hearing within two years following a notice of controversion.

Second, the legislature added the affidavit requirement to create procedural guidelines for the orderly conduct of public business. Although the last sentence of subsection .110(c) imposes a penalty on a claimant for failing to meet the deadline to request a hearing, legislative history supports the conclusion that the primary purpose of requiring an affidavit was to create guidelines for the orderly conduct of public business.[16] The House Judiciary Committee's sectional analysis of the legislation reenacting subsection .110(c) to include an affidavit requirement stated that this subsection was meant to address delays in getting disputed cases before the Board and "the [B]oard's problems in timely docketing cases for hearing." [17]

Finally, this case aptly demonstrates the serious consequences of a conclusion that the affidavit requirement is a mandatory component of a request for a future hearing—a party who wants to request a future hearing, but is for legitimate reasons unable to truthfully state readiness for an immediate hearing, faces denial of workers' compensation benefits.

Alyeska argues that construing the statute to toll the time-bar when a hearing request is filed without an affidavit of readiness will make subsection .110(c) ineffective by not requiring claimants to prosecute their claims in a timely manner. Alyeska suggests a claimant could request a hearing to toll the time-bar and then simply never schedule one, thus rendering the statute meaningless. The Commission similarly expressed concern that construing the statute in this manner would undermine the statutory purpose of requiring claimants to prosecute their claims promptly.

Yet the Commission has noted that "the [B]oard is not without power to excuse failure to file a request for hearing on time when the evidence supports application of a recognized form of equitable relief." [18] In *Tonoian v. Pinkerton Security*, the Commission suggested several "legal reasons" why

---

> cost of such preparation. The appellant shall file the transcript with the municipal clerk. If the appellant fails to file the transcript within 30 days of the filing of the notice of appeal, the appeal shall be automatically denied.
> *Id.*

**13.** *Id.*

**14.** *Id.* (citing *Wiederholt*, 24 P.3d at 1233).

**15.** This is in contrast to statutes of limitations, which are prohibitory. For example, AS 09.10.010, General Limitations on Civil Actions, states, "A person may not commence a civil action except within the periods prescribed in this chapter after the cause of action has accrued...." *See also* AS 09.10.030–.090.

**16.** The claim denial penalty of subsection .110(c) predates the affidavit requirement. *See* ch. 93, § 12, SLA 1982; ch. 79, § 20, SLA 1988.

**17.** House Judiciary Comm., Sectional Analysis, House Comm. Substitute for Comm. Substitute for Senate Bill (SB) 322(L & C), 15th Leg., 2d Sess. at 8 (April 6, 1988). In *Bailey*, we rejected an assertion that the claim dismissal directive of AS 23.30.110(c) violated substantive due process and equal protection rights, noting that the statutory provision was rationally connected to "the core purpose of the workers' compensation act: to establish a quick, efficient, and fair system for resolving disputes." 111 P.3d at 325 n. 10.

**18.** *Morgan v. Alaska Reg'l Hosp.*, AWCAC Decision No. 035 at 17–18 (February 28, 2007) (citing *Tonoian v. Pinkerton Sec.*, AWCAC Decision No. 029 at 11 (January 30, 2007)).

delay by a pro se litigant might be excused.[19] And in *Omar v. Unisea, Inc.*, the Commission remanded the case to the Board to consider whether, among other things, the "circumstances as a whole constitute compliance with the requirements of [AS] 23.30.110(c) sufficient to excuse any failures ... to comply with the statute."[20] From these decisions, it appears that the Commission and the Board already exercise some discretion and do not always strictly apply the statutory requirements. This approach is consistent with the notion that a statute of limitations defense is disfavored.[21]

In holding that subsection .110(c) is directory, we do not suggest that a claimant can simply ignore the statutory deadline and fail to file anything.[22] A determination that a statute is directory instead permits substantial compliance with statutory requirements, rather than strict compliance.[23] We construe subsection .110(c) to require filing a request for hearing within two years of the date of the employer's controversion of a claim. If within that two-year period the claimant is unable to file a truthful affidavit stating that he or she actually is ready for an immediate hearing, as was the case here, the claimant must inform the Board of the reasons for the inability to do so and request additional time to prepare for the hearing. Filing the hearing request and the request for additional time to prepare for the hearing constitutes substantial compliance and tolls the time-bar until the Board decides whether to give the claimant more time to pursue the claim.[24] If

the Board agrees to give the claimant more time, it must specify the amount of time granted to the claimant. If the Board denies the request for more time, the two-year time limit begins to run again, and the claimant has only the remainder of that time period to file the paperwork necessary to request an immediate hearing.[25]

We are troubled by Alyeska's assertion at oral argument that it is not uncommon for a party to sign an affidavit of readiness despite not actually being ready and that the solution for a claimant in Kim's predicament is to file an affidavit of readiness for hearing and then request a continuance of the scheduled hearing. The lack of a Board regulation to deal with exceptional circumstances, and the myriad reasons why a party might not be able to swear truthfully that the claimant is prepared for an immediate hearing despite conducting discovery and obtaining evidence, make strict adherence to an affidavit requirement problematic. A party or attorney should not be in a position of having to choose between perjury and relinquishing a valid claim.

It is not clear to us that a method the Board has apparently used to resolve this tension—permitting the filing of an affidavit of readiness on any issue no matter how small or inconsequential [26]—solves the problem a party or attorney may face. Nor is it clear when the Board permits less orthodox pleadings to toll the subsection .110(c) time-

19. *Tonoian v. Pinkerton Sec.*, AWCAC Decision No. 029 at 11 (January 30, 2007).

20. *Omar v. Unisea, Inc.*, AWCAC Decision No. 053 at 7–8 (August 27, 2007).

21. *Tipton*, 922 P.2d at 912–13.

22. For example, in *Bailey* two of the three claims for benefits filed by the employee were denied under the two-year time-bar because the employee failed to file anything regarding a hearing. 111 P.3d at 324.

23. Our holding today is compatible with our holding in *Summers v. Korobkin Constr.*, 814 P.2d 1369, 1372 (Alaska 1991), where we decided that AS 23.30.110(c) required the Board to hold a hearing when one had been requested, *i.e.*, that a hearing was mandatory and not discretionary. Failing to hold a hearing would not amount to

compliance with the statute—it would result in complete noncompliance with it. On the other hand, the Board might still comply with the statute by holding a hearing sixty-two days after an affidavit of readiness is filed, rather than sixty days as stated in the statute.

24. *Cf.* AS 23.30.110(h). Under the facts and circumstances of this case, Kim's motion for a continuance constitutes substantial compliance.

25. This is similar to the statutory framework governing continuances of scheduled hearings and running of the time-bar. *See* AS 23.30.110(h).

26. *See Lewis v. Windfall Gold Mining*, AWCB Decision No. 92–0028 at 3 (February 6, 1992) (holding that claimant only need be ready to prosecute some aspect of claim).

bar. For example, the Board decided in one case that an affidavit of readiness for hearing on a request for extension of time for a hearing was sufficient to toll the time-bar of subsection .110(c) permanently.[27] Although Kim's request was titled differently, he too requested an extension of time for a hearing. The Board never ruled on the merits of Kim's request, presumably because he did not file an affidavit of readiness with the motion for continuance.[28] If so, this seems to place form over substance (especially when the motion was discussed at the pre-hearing conference).[29]

On remand, the Board should fully consider the merits of Kim's request for additional time and any resulting prejudice to Alyeska. If in its broad discretion the Board determines that Kim's reasons for requesting additional time have insufficient merit, or that Alyeska would be unduly prejudiced, the Board can set a hearing of its own accord or require Kim to file an affidavit of readiness within two days—the amount of time remaining before the original two-year period expired.[30]

## V. CONCLUSION

We REVERSE and REMAND for further proceedings consistent with this opinion.

---

**27.** *Pool v. City of Wrangell,* AWCB Decision No. 99–0097 at 2, 4 (April 29, 1999). When the employee in *Pool* filed her request for extension of time for hearing, no hearing had been scheduled and the parties were involved in a protracted discovery battle. *Id.* at 2.

**28.** At the hearing on Alyeska's petition to deny Kim's claim as time-barred, the Board chair asked Kim if he had filed an affidavit of readiness with his motion for continuance. The Board chair then stated that because Kim had not filed an affidavit of readiness "on the petition to continue ... we will treat the petition to continue as an opposition to the petition to dismiss."

**29.** The Board had the authority to schedule a hearing on Kim's request even though he had not filed an affidavit of readiness. *See* 8 AAC 45.070(b)(3). It also had the power to relax any regulatory deadlines or procedural requirements. *See* 8 AAC 45.063(b), .195.

**30.** The Commission stated that the Board implicitly found Kim had not made diligent and timely efforts to prepare for a hearing on his compensation claim, and further found "substantial evidence" in the record to support what "the [B]oard meant." The Commission concluded that Kim therefore had shown no justification for "equitable tolling" even if it were applicable. But the Commission earlier stated that "[t]he [B]oard noted that ... it did not have discretion to excuse the employee from failure to file a request for hearing." Because we hold that the Board has discretion to accept substantial compliance with AS 23.30.110(c) to toll its time-bar and to extend the time for filing a scheduling request for a hearing, we remand for the Board's exercise of its discretion in this case. If the Board requires Kim to file an affidavit of readiness within two days, the Board should clarify whether it must be for some or all issues relevant to his claim.